■ SEQUA CORPORATION et al., Respondents, v CHARLES S. CHRISTOPHER, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Carol Huff, J.), entered October 18, 1989, which, *inter alia,* denied a motion by Christopher individually for dismissal of the first, second and third causes of action in the amended complaint as against him pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

The complaint is grounded in allegations that defendant Resolute Holdings, Inc., which did not join in the motion before the IAS court, was used by defendant Christopher, and non-appealing defendant Wayne Reeder, as a corporate shell to commit wrongful acts of self-dealing in connection with an insurance holding company purchased from plaintiff Chromalloy, a wholly-owned subsidiary of plaintiff Sequa. The IAS court could not have dismissed the pleadings underlying the plaintiffs' attempt to pierce the corporate veil of Resolute Holdings without extending every favorable inference to those pleadings *(Torrey Delivery v Chautauqua Truck Sales & Serv.,* 47 AD2d 279). The IAS court properly found the pleadings adequate, since it cannot be said that the complaint "is totally devoid of solid, nonconclusory allegations" regarding defendant Christopher's use of defendant Resolute as his corporate alter-ego *(Perez v One Clark St. Hous. Corp.,* 108 AD2d 844, 845). Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.