■ INTERNATIONAL CREDIT BROKERAGE Co., INC., Respondent, v ANDRE AGAPOV, Appellant. [671 NYS2d 64] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about September 1, 1997, which, to the extent appealed from as limited by defendant's brief, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), or, in the alternative, to stay the action pursuant to Business Corporation Law § 1312 (a), unanimously affirmed, with costs.

Initially, we agree with the IAS Court that plaintiff is authorized to do business in New York and, thus, is not barred from maintaining this action by Business Corporation Law § 1312 (a) (*compare, Dixie Dinettes v Schaller's Furniture*, 71 Misc 2d 102; *Tri-Terminal Corp. v CITC Indus.*, 78 AD2d 609). Accordingly, that branch of defendant's motion seeking to stay the action pursuant to Business Corporation Law § 1312 (a) was properly denied.

As to the branch of defendant's motion seeking dismissal of the complaint for failure to state a cause of action, it too was properly denied. Plaintiff pleads a viable cause of action for tortious interference with contract based on its assertion that defendant, a director in plaintiff corporation, induced a key employee to terminate his relationship with plaintiff by committing the independent tortious act of creating and displaying forged documents to the employee in an attempt to persuade him prematurely to terminate his employment agreement with

plaintiff, which agreement had been signed by and was, therefore, known to defendant (*see, e.g., Kronos, Inc. v AVX Corp.*, 81 NY2d 90; *compare, Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283, *lv denied and dismissed* 74 NY2d 874). Since the independent tortious act complained of was beyond the scope of defendant's authority as a director, plaintiff also states a claim for breach of fiduciary duty.

Finally, we agree with the IAS Court that plaintiff's pleading seeking to pierce the corporate veil of OBLI USA, Inc., is sufficient to survive defendant's motion to dismiss. The amended complaint, as supplemented by affidavits, alleges lack of corporate formalities, commingling of funds, and self-dealing. Viewed in the light most favorable to the plaintiff, "it cannot be said that the complaint 'is totally devoid of solid, nonconclusory allegations' " regarding defendant's use of OBLI USA, Inc. as his corporate alter-ego (*Sequa Corp. v Christopher*, 176 AD2d 498, quoting *Perez v One Clark St. Hous. Corp.*, 108 AD2d 144, 145; *see also, 29/35 Realty Assocs. v 35th St. N. Y. Yarn Ctr.*, 181 AD2d 540, 541). Plaintiff may, therefore, continue his properly pleaded breach of contract claims against defendant individually. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.