■ ANN MARCUS RENZLER, Respondent, v D. F. WHITE, INC., Defendant, and MPC ADVANCED TECHNOLOGY GROUP, INC., et al., Appellants. [700 NYS2d 487] —In an action, *inter alia*, to recover damages for unpaid commissions, the defendants MPC Advanced Technology Group, Inc., Jay Beber, and David Pincus, appeal from an order of the Supreme Court, Kings County

(Clemente, J.), dated January 29, 1999, which denied the motion of the defendants Jay Beber and David Pincus pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the appeal by the defendant MPC Advanced Technology Group, Inc., is dismissed, without costs or disbursements, as it is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that on the appeal of the defendants Jay Beber and David Pincus, the order is modified by deleting the provision thereof denying those branches of the motion which were to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified the order is affirmed, without costs or disbursements.

The Supreme Court erred in failing to dismiss the plaintiff's causes of action pursuant to Labor Law article 6 insofar as asserted against the individual defendants. The Legislature clearly intended that corporate officers not be subjected to civil liability under that article of the Labor Law (*see, Patrowich v Chemical Bank,* 63 NY2d 541, 543; *Stognovic v Dinolfo,* 61 NY2d 812, 813). In addition, Labor Law § 198-a provides a criminal penalty, not a civil sanction, against the officers and directors of a corporation. Since the plaintiff failed to state a cause of action against the individual defendants under the Labor law, her derivative cause of action for an attorney's fee should have been dismissed as well (*see,* Labor Law § 198 [1-a]). There is no support for the plaintiff's claim that the individual defendants should be directed to produce the books of the corporate defendant. Accordingly, the second, third, fourth, and fifth causes of action should have been dismissed.

The court, however, properly denied that branch of the motion which was to dismiss the first cause of action insofar as asserted against the individual defendants. When viewed in the light most favorable to the plaintiff, "it cannot be said that the complaint 'is totally devoid of solid, nonconclusory allegations'" regarding the individual appellants' use of the corporation to evade the corporation's obligations (*Sequa Corp. v Christopher,* 176 AD2d 498, quoting *Perez v One Clark St. Hous. Corp.,* 108 AD2d 844, 845). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.