SECOND DEPARTMENT, JUNE, 2006

(June 6, 2006)

■ JOHN A. ANDUX, Appellant, v WOODBURY AUTO PARK, INC., Defendant, and STEVEN SACCONE, Respondent. [816 NYS2d 181]—

In an action to recover damages pursuant to Labor Law article 6 and 29 USC § 1132 (c) (1), the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated March 25, 2005, which granted that branch of the motion of the defendant Steven Saccone which was for summary judgment dismissing the complaint insofar as asserted against him and denied that branch of his cross motion which was for leave to serve an amended complaint asserting that the defendant Steven Saccone was liable for the debts of the corporate defendant, Woodbury Auto Park, Inc.

Ordered that the order is affirmed, without costs or disbursements.

Summary judgment was properly granted to the defendant Steven Saccone on the ground that he is not liable pursuant to Labor Law article 6 for the obligations of the corporate defendant, Woodbury Auto Park, Inc. (*see Renzler v D.F. White, Inc.*, 267 AD2d 443 [1999]). Further, the plaintiff's cause of action alleging a violation of 29 USC § 1132 (c) (1) should not have been asserted in the New York State courts, on the ground that state courts lack jurisdiction to entertain such a cause of action (*see* 29 USC § 1132 [e] [1]).

That branch of the plaintiff's cross motion which was for leave to amend the complaint, based upon allegations in a proposed amended complaint that "[u]pon information and belief" Saccone, inter alia, stripped the corporate defendant, Woodbury Auto Park, Inc., of its assets and failed to observe

corporate formalities and therefore should be liable for the debts of the corporate defendant, under the doctrine of piercing the corporate veil, was properly denied. Since the cross motion was made in response to Saccone's motion to dismiss pursuant to CPLR 3211 and for summary judgment pursuant to CPLR 3212, pursuant to CPLR 3211 (former [e]), the plaintiff was required to establish a "good ground" for granting leave to replead (*see Carle Place Union Free School Dist. v Bat-JAC Constr., Inc.*, 28 AD3d 596 [ 2006]). Although the requirement to seek leave to replead was repealed by L 2005 (ch 616), the repeal took effect on January 1, 2006, after this action was commenced, and therefore is not applicable here. The plaintiff's allegations made upon "information and belief" were insufficient to establish "good ground" for granting leave to replead.

In any event, the question of whether to allow the amendment was within the sound discretion of the Supreme Court (*see Thone v Crown Equip. Corp.*, 27 AD3d 723 [2006]; CPLR 3025 [b]).

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.