■ In the Matter of Yick Wing Chan et al., Petitioners, v New York Industrial Board of Appeals et al., Respondents. [992 NYS2d 413]—

Determination of respondent New York Industrial Board of Appeals (IBA), dated October 17, 2012, after a hearing, affirming, as amended, respondent New York State Commissioner of Labor's Order to Comply, dated October 9, 2008, which directed petitioners to pay unpaid wages due eight claimants for the period April 1, 2002 to March 31, 2006, plus interest and penalties, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter H. Moulton, J.], entered June 20, 2013), dismissed, without costs.

The determination is supported by substantial evidence in the record (*see generally 300 Gramatan Ave. Assoc. v State Div. of*

*Human Rights*, 45 NY2d 176, 179-181 [1978]). Petitioners, who had the burden of proof at the hearing (*see* State Administrative Procedure Act § 306 [1]; 12 NYCRR 65.30), provided testimony about the transfer of ownership of the restaurant that was too general to satisfy petitioners' burden of establishing that the corporate petitioner could not be held liable for its predecessor's acts. Thus, the burden never shifted to the Commissioner of Labor to establish successor liability. Petitioners' submissions to this Court of material that was never presented to the IBA will not be considered.

The determination that petitioner Chan was an "employer" as defined by Labor Law § 190 (3) is supported by substantial evidence, including Chan's own testimony that he "took over" the operation of the business in 2002, that he created a system by which to track employees' work hours and instructed his staff as to using the system, and that he had to "keep an eye" on an "unreliable manager," as well as the employees' testimony that Chan was the "boss," that he transferred workers from another location to the restaurant, and that he gave one of the claimants a raise, set his hours of work, and directed his work (*see Herman v RSR Sec. Servs. Ltd.*, 172 F3d 132, 139 [2d Cir 1999]; *Bonito v Avalon Partners, Inc.*, 106 AD3d 625 [1st Dept 2013]). Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.