In the Matter of EXCEED CONTRACTING CORP. et al., Petitioners, v INDUSTRIAL BOARD OF APPEALS et al., Respondents. [7 NYS3d 31]—

Determination of respondent Industrial Board of Appeals (IBA), dated April 29, 2013, which, after a hearing, among other things, affirmed respondent Commissioner of Labor's orders to comply, dated May 3, 2010, directing petitioners to pay certain unpaid wages, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter H. Moulton, J.], entered Sept. 20, 2013), dismissed, without costs.

The determination that petitioner Exceed Contracting Corp. was an "employer" within the meaning of Labor Law § 190 (3) is supported by substantial evidence (*see Matter of Yick Wing Chan v New York Indus. Bd. of Appeals*, 120 AD3d 1120 [1st Dept 2014]; *compare Matter of Ovadia v Office of the Indus. Bd. of Appeals*, 19 NY3d 138 [2012] [reversing determination that general contractor was employer of workers for whom it

provided work site and materials and whose work it otherwise did not control]). Exceed, a drywall/taping subcontractor on a Manhattan construction site, signed an agreement purportedly retaining Jose Rodriguez as a subcontractor to perform the full scope of the work required by Exceed's contract with the general contractor. However, two of the six claimants testified that Exceed's vice president, petitioner Correa, set their hours and, at a meeting, directed them to appear for work earlier than they had been doing. The claimants testified that Rodriguez followed Correa's orders to reassign them to sites located in Brooklyn and Long Island on certain days of the week, while continuing to work at the Manhattan site on other days. Correa supervised their work at the Brooklyn and Long Island sites closely; he also transported one of the claimants to the Long Island site. In addition, one of the claimants testified that he was required to sign in to work and to write Exceed's name in a space for his company's name.

There is no basis for disturbing the IBA's finding that the claimants testified credibly (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Furthermore, the IBA's finding that Rodriguez was effectively a foreman or agent for Exceed is supported by substantial evidence. It is not dispositive that Correa did not supervise the manner of the claimants' work at the site at issue or that the claimants were paid by Rodriguez rather than by petitioners (*see Zheng v Liberty Apparel Co. Inc.*, 355 F3d 61, 72 [2d Cir 2003], citing *Rutherford Food Corp. v McComb*, 331 US 722, 726 [1947]). Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.