■ Marissa Cohen, Appellant, v Finz & Finz, P.C., et al., Respondents. [16 NYS3d 70]—

In an action, inter alia, to recover damages for alleged violations of Labor Law §§ 191 and 195, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 16, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violations of Labor Law §§ 191 and 195 insofar as asserted against the defendants Leonard L. Finz, Cheri Einbinder, and Stuart L. Finz.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violations of Labor Law §§ 191 and 195 insofar as asserted against the defendants Leonard L. Finz, Cheri Einbinder, and Stuart L. Finz is denied.

The plaintiff commenced this action, inter alia, to recover alleged unpaid compensation for work she performed for the defendants, contending that the defendants violated Labor Law §§ 191 and 195. The complaint sought to impose liability against the defendants Leonard L. Finz, Cheri Einbinder, and Stuart L. Finz (hereinafter collectively the individual defendants) both in their capacities as shareholders and/or officers of the corporate defendant, Finz & Finz, P.C., and as employers of the plaintiff within the meaning of the Labor Law. After the defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the individual defendants, the plaintiff amended her complaint in some respects, but reiterated that recovery was being sought against the individual defendants personally on the basis that each of them was the plaintiff's employer for the purposes of the Labor Law. The defendants' motion did not address this "employer" theory of recovery. Nevertheless, the Supreme Court, inter alia, granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violations of Labor Law §§ 191 and 195 insofar as asserted against

the individual defendants. The plaintiff appeals from this portion of the order, and we reverse the order insofar as appealed from.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the facts alleged in the complaint are accepted as true and are given a liberal construction to afford the pleading party every possible favorable inference, and the court's inquiry is limited to whether the pleading states any cognizable cause of action (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Ackerman v New York Hosp. Med. Ctr. of Queens*, 127 AD3d 794 [2015]; *Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901 [2014]). Contrary to the defendants' contention, the plaintiff is not raising the issue of the individual defendants' personal liability as employers for the first time on this appeal, as that theory of recovery was pleaded in the complaint and the amended complaint. Moreover, while corporate shareholders and officers generally are not personally liable for corporate violations of the Labor Law (*see Patrowich v Chemical Bank*, 63 NY2d 541 [1984]; *Renzler v D.F. White, Inc.*, 267 AD2d 443 [1999]), the plaintiff alleged adequate facts to state a cause of action against each of the individual defendants in his or her distinct capacity as the plaintiff's employer within the meaning of the Labor Law (*see* Labor Law § 190 [3]; *Bonito v Avalon Partners, Inc.*, 106 AD3d 625 [2013]; *Wing Wong v King Sun Yee*, 262 AD2d 254 [1999]; *see generally Matter of Yick Wing Chan v New York Indus. Bd. of Appeals*, 120 AD3d 1120 [2014]). Thus, at this stage of litigation, it cannot be said that the plaintiff has failed to state a cognizable cause of action against the individual defendants for alleged violations of Labor Law §§ 191 and 195.

The defendants' remaining contention is improperly raised for the first time on appeal (*see e.g. Gonzales v Munchkinland Child Care, LLC*, 89 AD3d 987 [2011]; *Sarva v Chakravorty*, 34 AD3d 438 [2006]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violations of Labor Law §§ 191 and 195 insofar as asserted against the individual defendants. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.