Matter of Netram v New York State Indus. Bd. of Appeals (2018 NY Slip Op 04618)





Matter of Netram v New York State Indus. Bd. of Appeals


2018 NY Slip Op 04618


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525576

[*1]In the Matter of KAMY NETRAM, Also Known as KAMYLAWATEE NETRAM, et al., Petitioners,
v
NEW YORK STATE INDUSTRIAL BOARD OF APPEALS et al., Respondents.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


E. Stewart Jones Hacker Murphy, LLP, Troy (Ryan M. Finn of counsel), for petitioners.
Barbara D. Underwood, Attorney General, New York City (Donya Fernandez of counsel), for respondents.


Pritzker, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Industrial Board of Appeals finding, among other things, that petitioners violated Labor Law § 191 by underpaying wages to former employees.
In 2010, petitioner Kamy Netram, owner of petitioner All in One Construction LLC, a general contractor, entered into a subcontract agreement with Express Repair Company to complete miscellaneous carpentry work on a renovation project. Express Repair Company's owner, Alberto Camacho, eventually abandoned the project with work still left to be finished, but was nonetheless fully compensated. Thereafter, petitioners allegedly hired Jose Fuentes, Jose Eugenio Rojas and Rufino Luis Velazquez (hereinafter collectively referred to as the claimants), who were all working on the project under Express Repair Company, to complete the unfinished work. The claimants allegedly completed the work during the claim period but were not fully compensated by petitioners. Thereafter, the claimants filed a claim for unpaid wages with respondent Department of Labor, alleging that, although they were hired by Camacho, they were petitioners' employees during the claim period because they were under petitioners' supervision [*2]and control. Following an investigation, the Department of Labor found, as relevant here, that petitioners employed the claimants, who were entitled to full wages. Upon petitioners appeal to respondent Industrial Board of Appeals (hereinafter the IBA), the IBA affirmed. Petitioners then commenced this proceeding to review IBA's determination. We confirm.
Initially, petitioners' argument that Netram is not liable individually was not presented to the IBA and, as such, is unpreserved for our review (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]; Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1213 [2012]). We turn next to petitioners' argument that All in One, as the general contractor, cannot be ordered to pay the wages of its subcontractors' workers. From the record, it is clear that All in One, through Netram, its owner, hired Express Repair Company to be a subcontractor and, as such, it would generally not be considered an employer of the claimants, who were Express Repair Company's workers under the Labor Law (see Matter of Ovadia v Office of Indus. Bd. Of Appeals, 19 NY3d 138, 143 [2012]). However, when Camacho abandoned the project, a factual question arose regarding whether All in One exercised sufficient control such that it assumed the role of employer of the claimants, which takes this case out of the traditional general contractor/subcontractor context (see id. at 145).
The record reflects that Camacho was paid in full by the owners of the building and signed a lien waiver stating that he paid his workers. He then left the project incomplete, requiring All in One to hire additional workers. Netram had a conversation with Rojas, where she asked him to stay on to complete the project and to bring in additional workers to help, which he did. Upon beginning work, the claimants provided Netram with their addresses and Social Security numbers and were paid in cash. Petitioners attempted to challenge this evidence with an eyewitness account in the form of a letter and testimony that All in One paid other individuals to complete the work, which the IBA extended little weight and/or found not credible. It is evident from the record that the IBA considered conflicting evidence that turned in part upon credibility determinations, the resolution of which were "within the sole province of the IBA" (Matter of Marzovilla v New York State Indus. Bd. of Appeals, 127 AD3d 1452, 1455 [2015]), and this Court "may not substitute [its] perceptions for those of the agency" (Matter of Central City Roofing Co., Inc. v Musolino, 136 AD3d 1186, 1188-1189 [2016] [internal quotation marks and citations omitted]; accord Matter of Suchocki [St. Joseph's R.C. Church-Commissioner of Labor], 132 AD3d 1222, 1224 [2015]). Therefore, with due deference to the IBA's findings (see Matter of Central City Roofing Co., Inc. v Musolino, 136 AD3d at 1188-1189; Matter of Marzovilla v New York State Indus. Bd. of Appeals, 127 AD3d at 1455), there is substantial evidence in the record to support the IBA's determination that All in One met with the claimants to engage their services, controlled the place of work and set the claimants' method of payment and rate of pay and, accordingly, All in One and Netram were the claimants' employers during the claim period (see Matter of Exceed Contr. Corp. v Indus. Bd. of Appeals, 126 AD3d 575, 575-576 [2015]; Matter of Yick Wing Chan v New York Indus. Bd. Of Appeals, 120 AD3d 1120, 1121 [2014]; Bonito v Avalon Partners, Inc., 106 AD3d 625, 626 [2013]).
McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.