Galardi v Town of Hempstead (2018 NY Slip Op 05827)





Galardi v Town of Hempstead


2018 NY Slip Op 05827


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-09040
 (Index No. 600099/17)

[*1]Doreen Galardi, appellant, 
v
Town of Hempstead, et al., defendants, County of Nassau, respondent.


Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig of counsel; Robert Miles on the brief), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 28, 2017. The order, insofar as appealed from, in effect, converted that branch of the motion of the defendant County of Nassau pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against it into a motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granted that branch of the motion.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant County of Nassau pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against it is denied.
We disagree with the Supreme Court's determination to, in effect, convert that branch of the motion of the defendant County of Nassau (hereinafter the defendant) pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against it into a motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon grant that branch of the motion. "CPLR 3211(c) requires that if a court intends to treat a CPLR 3211 motion as one for summary judgment under CPLR 3212, it must give the parties notice of its intention to do so" (Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258; see Patel v Primary Constr., LLC, 115 AD3d 834; Deutsche Bank Natl. Trust Co. v Kuldip, 108 AD3d 686, 687; Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d 707, 708). It is undisputed that no such notice was given by the court. Moreover, none of the recognized exceptions to the notice requirement applied here (see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d at 708; Hendrickson v Philbor Motors, Inc., 102 AD3d at 258-259). Therefore, this Court will apply the standards governing a motion to dismiss a complaint pursuant to CPLR 3211 (see Sunset Café, Inc. v Mett's Surf & Sports Corp., 103 AD3d at 708; Velez v Captain Luna's Mar., 74 AD3d 1191).
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint [to be] true, accord plaintiff[ ] the benefit of every [*2]possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Sokol v Leader, 74 AD3d 1180, 1181, quoting Nonnon v City of New York, 9 NY3d 825, 827). If the court considers evidentiary material, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied " unless it has been shown that a material fact as claimed by the [plaintiff] is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the complaint adequately pleaded a cause of action to recover damages for negligence against the defendant, and the affidavits submitted by the defendant in support of its motion failed to address the plaintiff's theory of recovery that the defendant created the defective condition which caused the plaintiff's injuries. Thus, the defendant failed to demonstrate its entitlement to dismissal (see Cohen v Finz & Finz, P.C., 131 AD3d 666, 666-667; Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC, 130 AD3d 670, 672).
In light of our determination, the parties' remaining contentions have either been rendered academic or are without merit.
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court