Matter of Zurita v New York State Dept. of Labor (2019 NY Slip Op 06697)





Matter of Zurita v New York State Dept. of Labor


2019 NY Slip Op 06697


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9901 101088/18

[*1]In re Ernest A. Zurita II also known as Ernesto Zurito, Petitioner-Appellant,
v
The New York State Department of Labor, et al., Respondents-Respondents.


Glenn H. Ripa, New York, for appellant.
Letitia James, Attorney General, New York (Seth Kupferberg of counsel), for respondents.



Determination of respondent New York State Industrial Board of Appeals (the Board), dated June 6, 2018, which, after a hearing, affirmed respondent New York State Department of Labor's Order to Comply, dated November 20, 2014, directing petitioner to pay unpaid wages, liquidated damages, interest, and civil penalties for violations of Labor Law articles 6 and 19, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carmen Victoria St. George, J.], entered January 3, 2019), dismissed, without costs.
Substantial evidence supports the determination that petitioner was an "employer" within the meaning of Labor Law
articles 6 and 19 (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). The hearing evidence that petitioner's clothing assembly business had the same address as the workers' formal employer, Fama Fashion Inc., that petitioner had shifted the work in its entirety from a previous operator without material changes, that it was petitioner who explained to the workers how to do the work, that petitioner checked every piece of work before shipping it to the customers, and that Fama and petitioner worked exclusively with one another demonstrates the economic reality that petitioner was the workers' employer (see Matter of Exceed Contr. Corp. v Industrial Bd. of Appeals, 126 AD3d 575 [1st Dept 2015]; Bonito v Avalon Partners, Inc., 106 AD3d 625 [1st Dept 2013]; see generally Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138 [2012]).
The hearing officer providently exercised her discretion in declining to adjourn the hearing to give petitioner a chance to procure documents — corporate tax returns or organizational documents — to rebut an Apparel Industry Registration Certificate's statement that he was a 50% shareholder in Fama. Petitioner was on notice that the Department of Labor sought to hold him liable as an employer of Fama's workers, and had had ample opportunity to procure documents to show that he was not an owner of Fama. In any event, the hearing evidence shows that petitioner had "functional control" over the employees, and thus qualified as a "joint employer," even without the evidence that he was a half-owner of the formal employer (see Zheng v Liberty Apparel Co. Inc., 355 F3d 61, 72 [2d Cir 2003]).
Contrary to petitioner's contention, the Board's reliance on some hearsay evidence does not impair its determination (see 12 NYCRR 65.29; Matter of Flynn v Hevesi, 308 AD2d 674, 676 [3d Dept 2003], lv denied 1 NY3d 504 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK