Costello v Curan & Ahlers, LLP (2024 NY Slip Op 00757)

Costello v Curan & Ahlers, LLP

2024 NY Slip Op 00757

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-02566
 (Index No. 58874/21)

[*1]William F. Costello, respondent, 
v
Curan & Ahlers, LLP, et al., appellants.

Curan & Ahlers, LLP, White Plains, NY (Keith J. Ahlers pro se of counsel), appellant pro se and for appellant Keith J. Ahlers.
William F. Costello, Bronx, NY, respondent pro se.

DECISION & ORDER
In an action to recover damages for breach of contract and violations of Labor Law § 193, the defendants appeal from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated February 28, 2022. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, the cause of action alleging violations of Labor Law § 193, and the complaint insofar as asserted against the defendant Keith J. Ahlers.
ORDERED that the appeal from so much of the order as denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, is dismissed as academic, as that portion of the order was, in effect, vacated by an order of the same court dated September 26, 2022, made upon reargument (see Costello v Curan & Ahlers, LLP, ___ AD3d ___ [Appellate Division Docket No. 2022-08528; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, an attorney, was employed by the defendant Curan & Ahlers, LLP (hereinafter the firm), for approximately 18 years. On June 30, 2021, the plaintiff commenced this action against the firm and its managing partner, the defendant Keith J. Ahlers, asserting causes of action sounding in breach of contract and violation of Labor Law § 193 based on allegations that the defendants failed to pay him certain amounts constituting salary and nondiscretionary bonuses for work that he performed. As alleged in the complaint, pursuant to an agreement negotiated between the plaintiff and Ahlers in 2004, the plaintiff would be paid an annual salary of $70,000 and an incentive bonus of 5% of any attorneys' fees recovered on cases that he litigated. Prior to January 2008, the plaintiff was paid pursuant to this arrangement.
However, as alleged in the complaint, in 2008, Ahlers began withholding the plaintiff's biweekly paychecks and some of his bonus checks, advising that the firm had insufficient funds to pay him. Throughout this time, the plaintiff kept a spreadsheet of the bonus money that he [*2]was owed and periodically showed the spreadsheet to Ahlers, who repeatedly acknowledged that the plaintiff would "eventually be paid the full 5% bonus on each case that he litigated." On July 17, 2015, the plaintiff received his last bonus payment from the firm, but Ahlers continued to make assurances that the plaintiff would be paid the outstanding bonus money that he was owed. In August 2020, Ahlers changed course and informed the plaintiff that he would not receive any of the outstanding bonus money. At this point, the plaintiff resigned.
The defendants moved pursuant to CPLR 3211(a)(5) and (7) to dismiss so much of the complaint as sought to recover damages that accrued prior to June 30, 2015, the cause of action alleging violations of Labor Law § 193, and the complaint insofar as asserted against Ahlers. In an order dated February 28, 2022, the Supreme Court denied the motion. The defendants appeal.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
"Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages" (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223). Labor Law § 190(1) defines the term "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." Where a bonus is "expressly link[ed]" to an employee's labor or services rendered, and the bonus is "guaranteed and non-discretionary" as a term of employment, such bonus constitutes "wages" within the meaning of Labor Law § 190 (Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16 [internal quotation marks omitted]; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100). Further, Labor Law § 190(3) broadly defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." Labor Law § 193 prohibits an employer from making any deduction from an employee's wages unless permitted by law or authorized by the employee for certain purposes (see id. § 193[1][a], [b]; Ryan v Kellogg Partners Inst. Servs., 19 NY3d at 16; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795).
Here, contrary to the defendants' contention, the plaintiff stated a cause of action to recover damages for violations of Labor Law § 193 based on the allegations that the firm failed to pay a portion of his salary and nondiscretionary bonuses (see Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 808; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d at 795). Further, as alleged, Ahlers and the firm are each "employers" that may be held liable for violations of Labor Law § 193 (see id. § 190[3]; Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 663; Cohen v Finz & Finz, P.C., 131 AD3d 666, 667).
Contrary to the defendants' contention, the plaintiff can maintain a cause of action alleging breach of contract against Ahlers individually. Although the Partnership Law provides Ahlers, a partner in a limited liability partnership, with certain protections from liability (see id. § 26; Salazar v Sacco & Fillas, LLP, 114 AD3d 745, 747), there is an exception in the event that the partnership becomes insolvent (see Seligman v Friedlander, 199 NY 373, 376; Lifeline Funding, LLC v Ripka, 114 AD3d 507, 507). As a matter of pleading, "a plaintiff is required either to name the partnership as a party defendant, along with the individual partners, or to aver the insufficiency of partnership assets to satisfy the claim" (Lifeline Funding, LLC v Ripka, 114 AD3d at 507 [emphasis added]; see United States Trust Co. of N.Y. v Bamco 18, 183 AD2d 549, 549). Here, the Supreme Court properly determined that, at the pleading stage, both the firm and Ahlers, individually, are proper defendants, based on the exception for insolvency.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court