**Kwan v HFZ Capital Group, LLC**

2024 NY Slip Op 33482(U)

October 1, 2024

Supreme Court, New York County

Docket Number: Index No. 651518/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART **11M** |
| *Justice* | |

---------------------------------------------------------------------------------X

JENNY KWAN, DOUBLE J BRYANT PARK 25
LLC,DOUBLE J BRYANT PARK 27, LLC,

Plaintiff,

- v -

HFZ CAPITAL GROUP, LLC,HFZ BRYANT PARK OWNER
LLC,20 WEST 40 BRYANT PARK OWNER LLC,ZIEL
FELDMAN, NIR MEIR,

Defendant.

---------------------------------------------------------------------------------X

| INDEX NO. | 651518/2023 |
|---|---|
| MOTION DATE | 02/06/2024, 03/07/2024 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 104, 105, 106, 107, 108, 109, 110, 111, 112, 131, 132, 133, 134, 135, 136, 137, 138, 140, 143, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 167, 170, 172, 174

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 139, 141, 144, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 168, 171, 173, 175

were read on this motion to/for                    DISMISS                    .

## Background

Plaintiffs Double J Bryant Park 25 LLC ("DJ25") and Double J Bryant Park 27 LLC ("DJ27," and with "DJ25", the "DJ Parties"), allege they have the right to purchase Units 25A & 27A at the building located at 16 West 40th Street, New York, New York pursuant to agreements entered into with HFZ Bryant Park Owner LLC ("HFZ Owner") in 2018. Subsequently, the parties entered into amendments to the agreements and there is a dispute as to whether the DJ Parties were fraudulently induced into entering into those amendments.

The Amended Complaint alleges that Defendant Ziel Feldman signed a guarantee associated with the above transactions.

**651518/2023   KWAN, JENNY ET AL vs. HFZ CAPITAL GROUP, LLC ET AL**
**Motion No.  004 005**

**Page 1 of 5**

1 of 5

Bryant Park Funding 100, LLC ("BPF") previously moved to intervene in this action. The other defendants are 20 West 40 Bryant Park Owner LLC ("Owner"), HFZ Capital Group, LLC ("HFZ Capital"), HFZ Bryant Park Owner LLC ("HFZ Sponsor"), Ziel Feldman ("Feldman")(Owner, HFZ Capital, HFZ Sponsor, Feldman, HFZ Owner, and Feldman are collectively the "HFZ Defendants") and Nir Meir ("Meir").

The amended complaint alleges various causes of action including breach of contract, breach of personal guarantee, constructive trust, and unjust enrichment. Some of the causes of action are alleged based on an alter ego theory.

In motion sequence number 4, BPF moves to dismiss the Amended Complaint. In motion sequence number 5, HFZ Capital Group, LLC, HFZ Bryant Park Owner LLC, 20 West 40 Bryant Park Owner LLC and Ziel Feldman moved to dismiss the Amended Complaint.

**Discussion**

**Veil Piercing**

There is no separate cause of action alleged seeking to pierce the corporate veil. Nevertheless, to the extent some of the causes of action in the Amended Complaint rely on allegations of veil piercing, the Amended Complaint has sufficient allegations to survive a motion to dismiss because the Amended Complaint is not "totally devoid of solid, nonconclusory allegations" (*International Credit Brokerage Co. v Agapov*. 249 AD2d 77, 78, 671 NYS2d 64, 65 [1st Dept 1998], *quoting Sequa Corp. v Christopher*, 176 AD2d 498, 574 NYS2d 565 [1st Dept 1991]). For instance, the Amended Complaint alleges the (1) HFZ Defendants share officers, directors, and decision makers; (2) HFZ Capital controls both HFZ Sponsor and HFZ Owner; and (3) all defendants had the same address, phone number, and key employees. These nonconclusory allegations are sufficient for the purposes of a motion to dismiss.

**651518/2023   KWAN, JENNY ET AL vs. HFZ CAPITAL GROUP, LLC ET AL**          **Page 2 of 5**
**Motion No.  004 005**

2 of 5

**Breach of Contract**

The elements of a cause of action for breach of contract are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Noto v. Planck, LLC*, 228 A.D.3d 516, 516, 212 N.Y.S.3d 637, 638 (1st Dept. 2024) quoting *Harris v. Seward Park Hous. Corp.,* 79 A.D.3d 425, 426, 913 N.Y.S.2d 161 [1st Dept. 2010]). The Amended Complaint alleges there is a contract for each apartment, performance by Plaintiff (in the form of delivery of money), breach, and damages. Therefore, the Amended Complaint alleges a breach of contract. The alter ego allegations connect the defendants who were not actual parties to the contracts to the breach of contract.

Defendants' arguments regarding limitations of remedy cannot be resolved at this juncture because the Amended Complaint alleges that the limitation of remedy provisions were obtained via fraud. Similar to how an amendment containing a release of remedies may be invalidated for any of "the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake" (*Kafa Invs., LLC v. 2170-2178 Broadway, LLC*, 39 Misc. 3d 385, 392, 958 N.Y.S.2d 577 [Sup. Ct. 2013], aff'd, 114 A.D.3d 433, 979 N.Y.S.2d 529 (2014) *quoting Mangini v McClurg*, 24 NY2d 556, 563 [1969]), the agreement on limitation of remedies can similarly be invalidated on the same basis. Therefore, dismissal based on the terms of the amendment to the contract is not appropriate at this time.

In addition, specific performance, a contract remedy, will not be dismissed at this time. There are issues of fact as to whether Defendants self-created the breach or failed to act in good faith. In such a circumstance, Defendants would not be permitted to rely on the clauses limiting Plaintiff's remedies (*Naso v. Haque*, 289 A.D.2d 309, 309-310, 734 N.Y.S.2d 214 [2nd Dept. 2001])("Where, as here, a provision in a contract for the sale of real property provides that in the

**651518/2023   KWAN, JENNY ET AL vs. HFZ CAPITAL GROUP, LLC ET AL**                                    **Page 3 of 5**
**Motion No.  004 005**

3 of 5

event the seller is unable to convey title in accordance with the terms of the contract, the seller's obligation to the buyer is limited to refunding the amount payable on account of the purchase price and paying the net costs of examining title, that limitation 'contemplates the existence of a situation beyond the control of the parties' and implicitly requires the seller to act in good faith").

**Constructive Trust**

The elements of a cause of action for a constructive trust are "(1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance thereon; and (4) unjust enrichment" *Matter of Newman*, 214 N.Y.S.3d 354, 361 (1st Dept. 2024) *quoting Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976). The Amended Complaint fails to allege a confidential or fiduciary relationship. In opposition to the motion to dismiss, Plaintiff argues that a loan converted to a down payment among related companies with common control constitutes a special relationship. The Court does not agree that those facts make out the elements of a special relationship for the purposes of a constructive trust. Therefore, the constructive trust cause of action is dismissed.

**Breach of Contract Against Feldman**

Defendant Feldman moves to dismiss the claim against him for breach of guaranty agreements because the guaranty agreements only obligated Feldman to guaranty payment of indebtedness of particular notes which Feldman claims were converted thereby extinguishing the notes and his obligations. However, the guarantees state that Feldman's obligation is not discharged as a result of performance that effectuates a fraudulent transfer. There are issues of fact regarding whether the transaction in this case were effectively a fraudulent transfer. Therefore, Feldman's motion to dismiss the breach of contract claim against him must be denied.

**651518/2023   KWAN, JENNY ET AL vs. HFZ CAPITAL GROUP, LLC ET AL**
**Motion No.  004 005**

**Page 4 of 5**

4 of 5

**Unjust Enrichment**

Defendants move to dismiss the unjust enrichment claim on the grounds that there is a valid contract between the parties. Since Plaintiffs do not deny the existence of at least one enforceable agreement regarding the amounts allegedly paid in the unjust enrichment claim, the claim is duplicative and must be dismissed (*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89, 521 N.Y.S.2d 653, 656 [1987] ["The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."]).

Accordingly, it is hereby

ORDERED the sixth, seventh, and eleventh causes of action seeking a constructive trust are dismissed;

ORDERED the ninth and tenth causes of action for unjust enrichment are dismissed; and

ORDERED the remainder of the relief requested in motions to dismiss are denied.

20241001163728LFRANK642DD047FED40879F60AC5CFDB435BD

| | |
|---|---|
| __10/1/2024__ | |
| DATE | LYLE E. FRANK, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651518/2023   KWAN, JENNY ET AL vs. HFZ CAPITAL GROUP, LLC ET AL**
**Motion No.  004 005**

Page 5 of 5

5 of 5