■ MELINDA POST, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [915 NYS2d 124]—

In an action, inter alia, to recover .damages for medical malpractice, the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 21, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant St. Catherine of Siena Medical Center, sued herein as St. Catherine's Hospital of Sienna, separately appeals, as limited by its brief, from so much of the same order as granted those branches of the plaintiff's cross motion which were, in effect, for leave to amend the caption to reflect its correct name, and for leave to amend the complaint to add St. Catherine of Siena Nursing Home as a party defendant, and denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by the defendant County of Suffolk, and the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant St. Catherine of Siena Medical Center; and it is further,

Ordered that one bill of costs is awarded to the defendant County of Suffolk, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant St. Catherine of Siena Medical Center.

The plaintiff's decedent was authorized to receive home health services upon her discharge from St. Catherine of Siena Nursing Home (hereinafter the nursing home) after undergoing approximately three months of rehabilitation for a fractured hip. Patricia Chieffo, a registered nurse and medical services specialist employed by the Special Projects Unit of the Suffolk County Department of Social Services (hereinafter the DSS), authorized the decedent to receive 26 hours per week of home health aide services for assistance in such daily tasks as bathing, dressing, meal preparation, and household cleaning. The decedent was discharged from the nursing home on June 1,

2005; a home health aide was scheduled to arrive the next morning. On June 2, 2005, the aide had still not arrived when, at approximately 2:00 P.M., the decedent allegedly fell and injured her right hip and wrist while attempting to prepare her own lunch. She was transported to the emergency room at St. Catherine of Siena Medical Center (hereinafter the hospital), and was later admitted to the hospital.

When an orthopedic surgeon examined the decedent in the emergency room on the evening of June 2, 2005, the surgeon found her to be alert and oriented. The next time the surgeon examined the decedent, at approximately 7:40 A.M. the next morning, the decedent's status had changed to "difficult to arouse," meaning that she was not responding to verbal stimuli. A CT-scan revealed that the decedent had sustained a large right acute subdural hematoma on the brain. She died several days later, on June 7, 2005, never having wakened from her coma. According to the death certificate, death was caused by "blunt force head trauma."

The decedent's daughter commenced this action sounding in medical malpractice against the hospital, and asserted a common-law negligence cause of action against the County of Suffolk for the alleged acts and omissions of Chieffo and the DSS. The County and the hospital separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to properly name the hospital as a party defendant, and denied the motions, finding the existence of triable issues of fact.

The Supreme Court erred in denying the County's motion, as the evidence submitted in support of the motion established that the County was immune from liability for the acts of its employee. "A public employee's discretionary acts—meaning conduct involving the exercise of reasoned judgment—may not result in the municipality's liability even when the conduct is negligent" (*Lauer v City of New York*, 95 NY2d 95, 99 [2000]; *see McLean v City of New York*, 12 NY3d 194, 202 [2009]; *Tango v Tulevech*, 61 NY2d 34, 41 [1983]). The plaintiff contends that the County was negligent since the decedent was permitted to be discharged from the nursing home without a home health care aide. The conduct targeted here—the evaluation of the decedent's needs for assistance with the acts of daily living, made by a nurse employed by the County, as well as the nurse's authorization of the provision of services to meet those needs— clearly involved "reasoned judgment" and, consequently, consti-

tuted a "discretionary act[ ]" (*Lauer v City of New York*, 95 NY2d at 99). "Government action, if discretionary, may not be a basis for liability" (*McLean v City of New York*, 12 NY3d at 203).

Accordingly, the County established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the County's showing, the plaintiff failed to raise a triable issue of fact.

The Supreme Court, however, properly denied summary judgment to the hospital, on the ground that it failed to meet its initial burden, as the movant, of establishing its prima facie entitlement to judgment as a matter of law. Failure to make a prima facie showing requires denial of the motion, "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Chance v Felder*, 33 AD3d 645, 645 [2006]). Here, the hospital failed to submit any expert affidavit, in connection with the treatment it rendered to the decedent after June 2, 2005, showing "[an] absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries" (*Thurston v Interfaith Med. Ctr.*, 66 AD3d 999, 1001 [2009]; *see Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Sandmann v Shapiro*, 53 AD3d 537 [2008]). While the hospital contends that the plaintiff failed to submit an expert's affidavit in opposition to its motion, the hospital itself failed to submit an expert's affidavit in order to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the burden never shifted to the plaintiff, and the hospital could not satisfy its burden by merely pointing to gaps in the plaintiff's proof (*see Fotiou v Goodman*, 74 AD3d 1140, 1141 [2010]).

The Supreme Court properly granted those branches of the plaintiff's cross motion which were, in effect, for leave to amend the caption to reflect the hospital's correct name and for leave to amend the complaint to add the nursing home as a party defendant, since the those parties did not allege any "prejudice or surprise directly resulting from the delay in seeking leave," or that "the proposed amendment is palpably insufficient or patently devoid of merit" (*Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986, 987 [2010]; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.