■ RANDY BONITO et al., Appellants, v AVALON PARTNERS, INC., et al., Respondents. [967 NYS2d 19]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about March 26, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint as against defendant Vincent Au, unanimously reversed, on the law, with costs, and the motion denied.

Supreme Court should not have dismissed the complaint as against Au. Although there is no private right of action against corporate officers for violations of article 6 of the Labor Law

(§ 190 *et seq.*; *Stoganovic v Dinolfo*, 92 AD2d 729 [4th Dept 1983], *affd* 61 NY2d 812 [1984]), plaintiffs here bring suit against Au as an employer, not as a corporate officer. Therefore, plaintiffs are not precluded from asserting claims against Au under article 6 (*Lauria v Heffernan*, 607 F Supp 2d 403, 409 [ED NY 2009]; *see Wing Wong v King Sun Yee*, 262 AD2d 254, 255 [1st Dept 1999]).

Plaintiffs may also assert claims against Au for violations of the Minimum Wage Act (Labor Law § 650 *et seq.*) and its implementing regulations, including 12 NYCRR 142-2.2. Under the Act, Au may be liable for failure to properly compensate plaintiffs if he was their employer or plaintiffs show that the corporate veil should be pierced (*Robles v Copstat Sec., Inc.*, 2009 WL 4403188, *3, 2009 US Dist LEXIS 112003, *10 [SD NY, Dec. 2, 2009, No. 08 Civ 9572 (SAS)]). Here, plaintiffs allege in their complaint that, during their employment with Avalon, Au exercised control of Avalon's "day-to-day operations" and that he was their employer under New York law. They also submitted plaintiff Brian Cespedes's affidavit, wherein he stated that Au hired and fired employees, supervised and controlled employees' work schedules, determined the method and rate of pay, kept employment records, and approved any vacations. At this pre-answer juncture, and upon consideration of the economic realities of the case (*see Matter of Carver v State of New York*, 87 AD3d 25, 30 [2d Dept 2011]), plaintiffs have stated a cause of action against Au, as an "employer" within the meaning of Labor Law §§ 190 (3) and 651 (6) (*see Pugliese v Actin Biomed LLC*, 2012 NY Slip Op 31566[U] [2012] [Sup Ct, NY County 2012]). Accordingly, plaintiffs were not required to show that the corporate veil should be pierced or allege that Au exercised complete domination and control over the corporation.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ.