■ IBIA M. CLARKE, Appellant, v LAIDLAW TRANSIT, INC., Respondent. [5 NYS3d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated January 2, 2014, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) and denied her cross motion for leave to amend the caption and to serve and file a supplemental summons and amended complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to dismiss the complaint is denied, and the plaintiff's cross motion for leave to amend the caption and to serve and file a supplemental summons and amended complaint is granted.

The plaintiff, an employee of First Student Management, LLC (hereinafter FSM), allegedly was injured when she fell due to a defective condition at FSM's place of business. She commenced this action against the record owner of the premises, the defendant, Laidlaw Transit, Inc. After answering the complaint, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), contending, inter alia, that it had merged with First Student, Inc. (hereinafter First

Student), and no longer existed and that, in any event, First Student and FSM were functionally the same entity with respect to the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]). The plaintiff cross-moved for leave to amend the caption and to serve and file a supplemental summons and amended complaint naming the defendant as "First Student, Inc. f/k/a Laidlaw Transit, Inc." The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.

A defendant may move to dismiss a complaint under CPLR 3211 (a) (1) "on the ground that . . . a defense is founded upon documentary evidence" (CPLR 3211 [a]). A motion on this ground "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Attias v Costiera*, 120 AD3d 1281, 1282 [2014]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122 [2009], *affd* 16 NY3d 775 [2011]). Affidavits are not documentary evidence within the meaning of CPLR 3211 (a) (1) (*see Attias v Costiera*, 120 AD3d at 1283; *Matter of Walker*, 117 AD3d 838, 839 [2014]; *Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]).

Here, most of the evidence submitted in support of the defendant's motion was not documentary evidence within the meaning of CPLR 3211 (a) (1). The evidence that did qualify as documentary evidence did not conclusively establish that the defendant and FSM were alter egos within the meaning of the Workers' Compensation Law (*see Correa v Orient-Express Hotels, Inc.*, 84 AD3d 651, 651 [2011]; *see also McDonald v Winter Bros. Transfer Sta. Corp.*, 120 AD3d 1315, 1315 [2014]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]; *Hageman v B & G Bldg. Servs., LLC*, 33 AD3d 860, 861 [2006]).

With respect to that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7), on a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 125; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Thus, "a motion to

dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see Leon v Martinez*, 84 NY2d at 87-88; *Fisher v DiPietro*, 54 AD3d 892, 894 [2008]).

"A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*id.* at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012] [internal quotation marks omitted]; *see Sokol v Leader*, 74 AD3d at 1182). The plaintiff "may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (*Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342, 351 [2013], citing *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). The plaintiff may stand on his or her pleading alone to state all the necessary elements of a cognizable cause of action, and, unless the motion to dismiss is converted by the court to a motion for summary judgment, the plaintiff will not be penalized because he or she has not made an evidentiary showing in support of the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d at 635). In light of these standards, it is clear that the defendant's motion should have been denied. The complaint stated a cause of action, and the defendant's submissions did not "establish conclusively that [the plaintiff] has no cause of action" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d at 683).

The Supreme Court improperly denied the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the caption to name the defendant as "First Student, Inc. f/k/a Laidlaw Transit, Inc.," and to serve and file a supplemental summons and amended complaint. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Inherent in this rule is that "[n]o evidentiary showing of merit is required under

CPLR 3025 (b)" (*id.* at 229). Here, the plaintiff's cross motion should have been granted. There is no surprise or prejudice to the defendant resulting from any delay in the plaintiff's motion for leave to amend the caption. Moreover, the proposed amendment is neither palpably insufficient nor patently without merit (*see Post v County of Suffolk*, 80 AD3d 682, 685 [2011]; *Alatorre v Hee Ju Chun*, 44 AD3d 596, 596 [2007]).

Accordingly, the Supreme Court should have denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and should have granted the plaintiff's cross motion for leave to amend the caption and to serve and file a supplemental summons and amended complaint. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.