Lomeli v Falkirk Mgt. Corp. (2020 NY Slip Op 00115)





Lomeli v Falkirk Mgt. Corp.


2020 NY Slip Op 00115


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-05746
2017-05748
 (Index No. 1580/16)

[*1]Jodi Lomeli, etc., appellant, 
v
Falkirk Management Corp., etc., et al., respondents.


Joseph & Kirschenbaum LLP, New York, NY (D. Maimon Kirschenbaum, Denise A. Schulman, and Pechman Law Group PLLC [Louis Pechman and Vivianna Morales] of counsel), for appellant.
Dwight D. Joyce, Stony Point, NY (Stephen J. Cole-Hatchard of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover unpaid wages, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 20, 2016, and (2) an order of the same court dated December 27, 2016. The order dated December 20, 2016, insofar as appealed from, denied the plaintiff's motion to compel the defendants to respond to discovery demands and for an extension of time to move for class certification, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against the defendants Wayne Corts and Carla Corts. The order dated December 27, 2016, denied the plaintiff's motion for leave to amend the complaint.
ORDERED that the order dated December 20, 2016, is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against the defendants Wayne Corts and Carla Corts, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for an extension of time to move for class certification, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated December 20, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 27, 2016, is reversed, on the law, and the plaintiff's motion for leave to amend the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was formerly employed as a banquet server by Falkirk Management Corp. (hereinafter Falkirk Management) to perform waitstaff services at a catering facility known as Falkirk Estate and Country Club (hereinafter the Country Club). The plaintiff commenced this putative class action against Falkirk Management, doing business as the Country Club, and Wayne [*2]Corts and Carla Corts (hereinafter together the Cortses), the alleged owners and managers of that entity, seeking, inter alia, to recover unpaid wages. The complaint alleged, in sum, that the defendants violated Labor Law § 196-d by failing to properly remit to banquet servers and other waitstaff, including the plaintiff, the service charges and gratuities collected by the defendants on contracts for catered events held at the Country Club.
The plaintiff moved to compel the defendants to respond to discovery demands and for an extension of time to move for class certification. The defendants opposed the plaintiff's motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In support of their cross motion, the defendants submitted documents showing that Falkirk Management was not doing business as the Country Club and, instead, Falkirk Management and Falkirk Estate and Country Club, Inc. (hereinafter the Country Club corporation), are separate corporate entities, that Wayne Corts is the chief executive officer of both entities, and that Carla Corts is not a corporate officer of either entity. The defendants also submitted payroll records for the plaintiff showing that she had been employed by Falkirk Management. The defendants contended, inter alia, that the complaint should be dismissed because the plaintiff sued the wrong defendants. While the motion and cross motion were pending, the plaintiff moved for leave to amend the complaint, inter alia, to correct the name of Falkirk Management in the caption and to add the Country Club corporation as a defendant. In an order dated December 20, 2016, the Supreme Court granted the defendants' cross motion to dismiss the complaint for failure to state a cause of action and denied the plaintiff's motion to compel discovery and for an extension of time to move for class certification. Thereafter, in an order dated December 27, 2016, the court denied the plaintiff's motion for leave to amend the complaint.
We disagree with the Supreme Court's determination granting that branch of the defendants' cross motion which was to dismiss the first cause of action, alleging a violation of Labor Law § 196-d, insofar as asserted against the Cortses. On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction (see CPLR 3026). "In reviewing a motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (Mendelovitz v Cohen, 37 AD3d 670, 671; see Belling v City of Long Beach, 168 AD3d 900, 901). "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as [alleged] by the plaintiff . . . is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Belling v City of Long Beach, 168 AD3d at 901; see Henn v City of New York, 164 AD3d 766, 767).
Here, viewing the evidence in the light most favorable to the plaintiff, the materials submitted by the defendants did not conclusively establish that the plaintiff has no cause of action against the Cortses to recover damages for unpaid wages pursuant to Labor Law § 196-d (see Belling v City of Long Beach, 168 AD3d at 902). As is relevant to these appeals, the first cause of action alleged that the Cortses were the employers of the plaintiff and other waitstaff within the meaning of the Labor Law, and that they violated Labor Law § 196-d by imposing a mandatory service charge on contracts for catered events without "disclaiming" that the charge was a gratuity, thereby leading a reasonable customer to believe that the service charge was a gratuity, and by failing to distribute the service charge to the plaintiff and other waitstaff.
Although corporate shareholders and officers generally may not be subjected to civil liability for corporate violations of the Labor Law absent allegations that such persons exercised control of the corporation's day-to-day operations by, for example, hiring and firing employees, supervising employee work schedules, and determining the method and rate of pay (see Cohen v Finz & Finz, P.C., 131 AD3d 666, 667; Bonito v Avalon Partners, Inc., 106 AD3d 625, 626), here, the complaint alleged that the Cortses exercised control over the "day-to-day operations" of "[the Country Club]," including "authority regarding the pay practices" of Falkirk Management. The [*3]evidentiary materials submitted by the defendants did not conclusively establish that the Cortses were not involved in the day-to-day operations of Falkirk Management and the pay practices for the employees working at the Country Club such that the Cortses are not employers within the meaning of the Labor Law (see Clarke v Laidlaw Tr., Inc., 125 AD3d 920, 921). Moreover, the plaintiff's allegations as to the service charges constituting gratuities that were not paid to the plaintiff and other waitstaff by the Cortses as employers, if true, were sufficient to state a cause of action against the Cortses for a violation of Labor Law § 196-d (see Samiento v World Yacht Inc., 10 NY3d 70, 80-81; Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 703). Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was to dismiss the first cause of action, alleging a violation of Labor Law § 196-d, insofar as asserted against the Cortses.
However, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was to compel the defendants to respond to discovery demands. CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Where discovery demands are overbroad, the appropriate remedy is to vacate the entire demand rather than prune it (see Scorzari v Pezza, 111 AD3d 916; Matter of Greenfield v Board of Assessment Review for Town of Babylon, 106 AD3d 908, 908). Here, the information sought by the plaintiff in her first set of interrogatories and first request for the production of documents was largely burdensome or immaterial, and consequently, palpably improper (see Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283-1284).
Nonetheless, we disagree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for an extension of time to move for class certification. A plaintiff's need to conduct pre-class certification discovery to determine whether the prerequisites of a class action set forth in CPLR 901(a) can be satisfied constitutes good cause for the extension of the 60-day time period fixed by CPLR 902 (see Rodriguez v Metropolitan Cable Communications, 79 AD3d 841, 842; Argento v Wal-Mart Stores, Inc., 66 AD3d 930, 932). Since the plaintiff made the requisite showing of good cause (see Rodriguez v Metropolitan Cable Communications, 79 AD3d at 842), that branch of the plaintiff's motion which was for an extension of time in which to seek class certification should have been granted.
The Supreme Court also should have granted the plaintiff's subsequent motion for leave to amend the complaint. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; accord Clarke v Laidlaw Tr., Inc., 125 AD3d at 922). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (Redd v Village of Freeport, 150 AD3d 780, 781 [citation omitted], quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Here, the defendants alleged no surprise or prejudice (see Redd v Village of Freeport, 150 AD3d at 781). Moreover, the proposed amendments are not palpably insufficient or patently devoid of merit (see Clarke v Laidlaw Tr., Inc., 125 AD3d at 922). Accordingly, the plaintiff's motion for leave to amend the complaint should have been granted.
The parties' remaining contentions are either not properly before this Court, as they were improperly raised for the first time on appeal, or without merit.
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court