Amon v Drohan (2020 NY Slip Op 06340)





Amon v Drohan


2020 NY Slip Op 06340


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 654014/18 Appeal No. 12271-12271A Case No. 2020-00617 

[*1]Patrick Amon et al., Plaintiffs-Appellants,
v
John Drohan et al., Defendants-Respondents.


Rajsich & Associates, P.C., New York (Lee E. Rajsich of counsel) for appellants.
Drohan, Lee LLP, New York (Vivian R. Drohan of counsel), for John P. Drohan III and Datacore Innovations, LLC, respondents.
Kupferman & Kupferman, LLP, North Salem (Stephanie E. Kupferman of counsel), for Raphael Douady, respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 12, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of individual defendants John P. Drohan, III and Raphael Douady, to dismiss plaintiffs' Labor Law claims and fraud claim against them, and suasponte dismissed the Labor Law § 193 claim and fraud claim against defendant DataCore, and order, same court and Justice, entered January 8, 2020, which, upon plaintiffs' motion to reargue, clarified that the July 2019 order allowed the claims brought against DataCore under Labor Law § 195 and 198 to proceed, and otherwise denied the motion, unanimously affirmed, without costs.
Plaintiffs failed to show that the Chief Executive Officer (Douady) and Chairman of the Board of Directors (Drohan) were "employers" subject to the Labor Laws (see Bonito v Avalon Partners, Inc., 106 AD3d 625 [1st Dept 2013]). The consulting agreements between plaintiffs and DataCore explicitly stated that plaintiffs were "independent service providers." Furthermore, documents submitted by the parties suggest that plaintiffs worked independently, had no set work schedule, and were responsible for their own work product.
Plaintiffs' also failed to state a claim under Labor Law § 193 because they alleged a wholesale withholding of payment, which does not constitute a "deduction" within the meaning of Labor Law § 193 (see Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]). Moreover, plaintiffs were aware of DataCore's difficulty securing funding in order to pay their salaries but continued to work without pay for several months (see Stec v Passport Brands, Inc., 182 AD3d 434 [1st Dept 2020]).
Plaintiffs' fraud claim fails because it is duplicative of their breach of contract claim (see Cronos Group Ltd.v XComIP, LLC, 156 AD3d 54, 71 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020