Harris v Structuretech N.Y., Inc. (2021 NY Slip Op 00797)





Harris v Structuretech N.Y., Inc.


2021 NY Slip Op 00797


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 161359/18 Appeal No. 13087 Case No. 2019-03955 

[*1]Renaldo Harris, Plaintiff-Respondent,
v
Structuretech New York, Inc., et al., Defendants, Gerry Cormican, Defendant-Appellant.


Jackson Lewis P.C., Melville (Noel P. Tripp of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Jack Newhouse of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 21, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Gerry Cormican's motion to dismiss the complaint as against him, unanimously affirmed, with costs.
Plaintiff alleges that while he was employed by defendant Structuretech, which is owned by Cormican, he was subjected to discrimination based on race and that his supervisor, defendant Richard Boswell, falsely accused him of stealing an instrument, repeated the allegations to others, and made a false report to the police. Plaintiff asserts causes of action against Boswell and Structuretech, as well as Cormican, for defamation, abuse of process, malicious prosecution, discrimination based on race in violation of the New York State Human Rights Law (Executive Law §§ 29[1] and 29[9]) and New York City Human Rights Law (New York City Administrative Code § 8-107[1][a]), and failure to timely pay wages in violation of Labor Law § 191(1)(i).
Contrary to Cormican's argument, the pleadings as to him individually are not insufficient solely because they were made "on information and belief" or based on hearsay. Plaintiff "set forth sufficient information to apprise defendants of the alleged wrongs" (Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 580 [1st Dept 2015] [internal quotation marks omitted]), particularly with respect to facts peculiarly within defendants' knowledge (see Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 97—98 [1st Dept 2003]; CPLR 3013, 3016[b]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
As for the tort claims asserted against Cormican individually, although the pleadings do not support liability against him on a theory of respondeat superior, the complaint adequately pleads that Cormican participated in or directed Boswell's conduct, when he knew or should have known that plaintiff did not steal the instrument, so that he may be found liable individually to the extent the claims are based on false reporting to the police (see Peguero v 601 Realty Corp., 58 AD3d 556, 558 [2009]; American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311 [1st Dept 1999]). Indeed, here the criminal charges against plaintiff were ultimately dismissed on motion of the District Attorney.
As for the City and State HRL claims, plaintiff adequately alleges that defendants engaged in a course of conduct by which they treated plaintiff less favorably than his non-African American coworkers with respect to compensation and by subjecting him to derogatory or discriminatory insults. In asserting claims against Cormican as an employer under the City HRL, plaintiff adequately alleges that he participated in the discriminatory conduct (see McRedmond v Sutton Place Rest. & Bar, Inc., 95 AD3d 671, 673 [1st Dept 2012]). As for the State HRL claim, plaintiff adequately alleges factors under the "economic reality" test to impose liability on Cormican [*2]as an employer, including that he was an owner and officer of Structuretech, had authority to fire plaintiff, to supervise and control his conditions of employment, and determined the rate and method of payment to plaintiff (see id.; Pepler v Coyne, 33 AD3d 434 [1st Dept 2006]; Gallegos v Elite Model Mgt. Corp., 28 AD3d 50, 60 [1st Dept 2005]. The same allegations are sufficient at the pleading stage to support the Labor Law wage claim against Cormican as an employer (see Bonito v Avalon Partners, Inc., 106 AD3d 625 [1st Dept 2013]).
We have considered Cormican's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021