Tezoco v GE & LO Corp. (2021 NY Slip Op 06463)





Tezoco v GE & LO Corp.


2021 NY Slip Op 06463


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 22319/18E Appeal No. 14649 Case No. 2020-04763 

[*1]Rodrigo Tezoco et al., Plaintiffs-Appellants,
v
GE & LO Corp. Doing Business as Burger Hut et al., Defendants-Respondents.


Samuel & Stein, New York (Michael Samuel of counsel), for appellants.
Demetrious Adamis, P.C., Fresh Meadows (Demetrious Adamis of counsel), for respondents.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about December 7, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment and sua sponte dismissed the action, unanimously reversed, on the law, without costs, the complaint reinstated, plaintiffs' motion granted as to the claims of violations of minimum wage, overtime pay, and spread-of-hours pay provisions under the Labor Law and violations of the Wage Theft Prevention Act (WTPA), and the matter remanded for a determination of damages.
The record presents no circumstances warranting dismissal of the complaint (see Blake v Blake, 156 AD3d 523 [1st Dept 2017]). Labor Law § 663 authorizes any employee paid less than the wage to which he or she is entitled to commence a civil action to recover underpayments and liquidated damages. Contrary to the motion court's directive, there is no requirement that the employee exhaust his or her administrative remedies prior to bringing such an action (Stennett v Moveway Transfer & Stor., Inc., 97 AD3d 655, 657 [2d Dept 2012]).
Plaintiffs established prima facie that defendants violated Labor Law §§ 190-199, 650, and 652 and 12 NYCRR 142 and 146-1.6 by failing to pay them minimum wage, overtime pay, and spread-of-hours pay. Although 12 NYCRR 142-2.2 requires an employer to pay an employee for overtime, i.e., working time over 40 hours, at a wage rate of 1½ times the employee's regular rate, defendant Georgios Liristis, owner of defendant GE & LO Corp. d/b/a Burger Hut, testified that plaintiffs each worked 8- to 10-hour shifts, six days a week, and were paid a fixed salary. Although 12 NYCRR 142-2.4(a) requires that, for any day in which an employee's spread of hours exceeds 10 hours, the employee receive one hour's pay at the minimum wage rate in addition to the minimum wage, the record shows that plaintiff Galindo Tezoco, who regularly worked shifts over 10 hours, did not receive the additional hours' pay.
Defendant Liristis' testimony establishes that defendants failed to pay three of the five plaintiffs the prevailing minimum wage during the relevant periods. Defendants cannot avail themselves of the "tip credit," since they undisputedly failed to provide notice of the tip credit in writing (see Gamero v Koodo Sushi Corp., 272 F Supp 3d 481, 501 [SD NY 2017], affd 752 Fed Appx 33 [2d Cir 2018]).
Plaintiffs established that defendants violated the WTPA by failing to provide them with wage statements (see Labor Law § 195[3]) and by failing to provide wage notices to plaintiff Silverio Tezoco, who was hired after April 9, 2011 (see Labor Law § 195[1]; Gamero, 272 F Supp 3d at 510). It is undisputed that defendants failed to provide any wage notices or wage statements during the course of plaintiffs' employment.
In opposition, defendants failed to raise an issue of fact as to their compliance with statutory minimum wage and overtime pay requirements (see Chichinadze v BG Bar [*2]Inc., 517 F Supp 3d 240, 255-256 [SD NY 2021]). The timecard records defendants submitted were not properly authenticated by a foundation witness, such as the custodian of the records or an employee familiar with defendants' record-keeping procedures (see People v Bell, 153 AD3d 401, 412 [1st Dept 2017], lv denied 30 NY3d 947 [2017]). Moreover, defendant Liristis admitted that defendants only began using the timecards in 2016, several years after most of the plaintiffs were hired, and that the timecards were used inconsistently.
As defendants failed to show a good faith basis to believe that their underpayment of wages was in compliance with the law, plaintiffs are entitled to liquidated damages, prejudgment interest, and attorneys' fees (see Labor Law §§ 663; 193; Gottlieb v Kenneth D. Laub & Co., 82 NY2d 457, 464 [1993]). Moreover, defendant Liristis and defendant owner Luis Kamouris are personally liable to plaintiffs as employers under the Labor Law, as they had the power to hire, supervise, and fire employees and set their wages. They also controlled the restaurants' daily operations (see e.g. Bonito v Avalon Partners, Inc., 106 AD3d 625 [1st Dept 2013]; see also Doo Nam Yang v ACBL Corp., 427 F Supp 2d 327, 342 [SD NY 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021