Señal v Lynch (2023 NY Slip Op 02991)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Se¤al v Lynch

2023 NY Slip Op 02991

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023
Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 


Index No. 809730/21E Appeal No. 396 Case No. 2022-03757 

[*1]Esperidion SeÑal, Plaintiff-Respondent,
vMary Lynch etc., et al., Defendants-Appellants, Central Services Archdiocese of New York et al., Defendants.

Jackson Lewis P.C., New York (Tania J. Mistretta of counsel), for appellants.
Leavitt, Kerson & Sehati, Forest Hills (Paul E. Kerson of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 8, 2022, which, to the extent appealed from, denied defendants Mary Lynch and Archdiocese of New York's motion to dismiss plaintiff's claims for retaliatory discharge under Labor Law § 740 and breach of contract pursuant to CPLR 3211(a)(1) and (a)(7), unanimously modified, on the law, to grant the motion to dismiss as to the breach of contract claim and as to the claim under Labor Law § 740 as asserted against Lynch, the complaint against Lynch dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Lynch.
Plaintiff's allegations that he was terminated for reporting that he believed that defendant Lynch deliberately injected a fatal overdose of morphine to an elderly retired priest residing at defendants' residence to hasten the priest's death sufficiently identified the particular activities, policies or practices in which the employer allegedly engaged and provided the employer with notice of the alleged complained-of conduct, so as to adequately state a claim under the Whistleblower Law (see Labor Law § 740[2][a]; Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453 [2014]). Contrary to defendants' contention, "[t]he complaint need not plead an actual violation of laws or regulations to survive a motion to dismiss" (Lawlor v Wymbs, Inc., 212 AD3d 442, 443 [1st Dept 2023] [internal quotation marks omitted]). Defendants' factual assertions disputing misconduct by Lynch are insufficient to refute plaintiff's allegations at the pleading stage (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
The allegations sufficiently raise an inference that the Archdiocese terminated plaintiff because of his report. Although plaintiff was not terminated until almost three years after his complaint, he alleges that had worked at the residence for 18 years before his report, after which he was placed on administrative leave during the entirety of an investigation and ultimately terminated at the investigation's conclusion (see Harrington v City of New York, 157 AD3d 582, 586 [1st Dept 2018]).
Plaintiff also adequately pleaded that the Archdiocese was plaintiff's employer for purposes of Labor Law § 740. The complaint and plaintiff's submissions raise an inference that the Archdiocese "had the power to . . . fire" plaintiff, "supervised or controlled . . . [plaintiff's] conditions of employment," and "maintained [his] employment records" sufficient to survive the Archdiocese's motion (Matter of Carver v State of New York, 26 NY3d 272, 279 [2015]; see Harris v Structuretech N.Y., Inc., 191 AD3d 470, 471 [1st Dept 2021]). Moreover, the Archdiocese's documentary evidence does not warrant dismissal of this claim at the pleading stage, especially in light of plaintiff's evidence.
However, the motion court improperly denied defendants' motion to dismiss plaintiff's Labor Law § 740 claim as against Lynch[*2]. To determine whether Lynch was plaintiff's employer we apply the same "economic reality" test for Lynch as we do for the Archdiocese (see Bonito v Avalon Partners, Inc., 106 AD3d 625, 626 [1st Dept 2013]; Matter of Carver, 26 NY3d at 279). The complaint and plaintiff's submissions allege that Lynch was plaintiff's supervisor but fail to include any specific, or even additional, allegations to support a finding that, under the economic reality test, Lynch was plaintiff's employer.
Plaintiff's breach of contract claim, which alleges that defendants violated certain provisions in the employee handbook should have been dismissed. The handbook expressly disclaimed any contractual relationship or contractual rights and stated that employees are "at will" and may be terminated for any reason or no reason (see Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 317 [2001]; Matter of Thomas v MasterCard Advisors, LLC, 74 AD3d 464, 465 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023