Shujing Yu v Mask Pot, Inc. (2025 NY Slip Op 04673)

Shujing Yu v Mask Pot, Inc.

2025 NY Slip Op 04673

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00759
 (Index No. 727156/22)

[*1]Shujing Yu, etc., respondent, 
v
Mask Pot, Inc., doing business as Xiang Hot Pot, et al., defendants, BK Spice World, Inc., doing business as Xiang Hot Pot, et al., appellants.

Littler Mendelson, P.C., New York, NY (Kevin K. Yam and Vinay D. Patel of counsel), for appellants.
Troy Law, PLLC, Flushing, NY (John Troy, Aaron Schweitzer, and Tiffany Troy of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover unpaid overtime wages, the defendants BK Spice World, Inc., doing business as Xiang Hot Pot, Hui Fang, and Wei Zhao appeal from an order of the Supreme Court, Queens County (Denise N. Johnson, J.), entered December 4, 2023. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2023, the plaintiff commenced this putative class action, inter alia, to recover unpaid overtime wages. The amended complaint alleged that the plaintiff worked as a food preparer for the defendants, Mask Pot, Inc., doing business as Xiang Hot Pot (hereinafter Mask Pot), BK Spice World, Inc., doing business as Xiang Hot Pot (hereinafter BK Spice), Hui Fang, Yunfu Yang, Jin Wang, "John" Jin, and Wei Zhao, from June 1, 2018, to January 25, 2020, at the defendants' restaurant Xiang Hot Pot located in Flushing. The amended complaint also alleged that during the period of employment, the plaintiff was "dispatched to [the defendants'] Brooklyn location . . . on three different [occasions]." Specifically, the plaintiff allegedly "was dispatched to the Brooklyn location two times prior to the opening of the restaurant to complete some cleaning duties and one time after the restaurant opening to complete her normal duties as a Food Preparer." The amended complaint further alleged that Mask Pot, the operator of the Flushing location, and BK Spice, the operator of the Brooklyn location, were joint employers and constituted a single enterprise. The amended complaint asserted causes of action alleging violations of the Fair Labor Standards Act of 1938 (FLSA) (29 USC § 201 et seq.), the Wage Theft Prevention Act (see Labor Law § 195[3]), the Minimum Wage Act (id. art 19), and the Minimum Wage Order for Miscellaneous Industries and Occupations (12 NYCRR part 142).
BK Spice, Hui Fang, and Wei Zhao (hereinafter collectively the moving defendants) moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, arguing that the amended complaint failed to sufficiently plead that they [*2]were the plaintiff's employer within the meaning of the FLSA or the Labor Law. In an order entered December 4, 2023, the Supreme Court, inter alia, denied that branch of the motion. The moving defendants appeal.
"Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sternberg v Wiederman, 225 AD3d 820, 821). "Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373).
"The federal and state labor laws . . . provide that a worker may be employed by more than one entity at the same time, and hold such joint employers jointly and severally liable for their statutory violations" (Suarez v Murray, 2021 WL 1240518, *4, 2021 US Dist LEXIS 65016, *12 [SD NY, No. 20 Civ. 3514 (JCM)] [internal quotation marks omitted]). "For liability to attach under the FLSA or the [Labor Law], a defendant must be an employer" (Cho v Osaka Zen Spa, 2024 WL 3360619, *7, 2024 US Dist LEXIS 121369, *12 [SD NY, No. 19-cv-7935 (ER)] [internal quotation marks omitted]). "The FLSA broadly defines an employer as 'any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee'" (Cao v Wedding in Paris LLC, 727 F Supp 3d 239, 273 [ED NY], quoting 29 USC § 203[d]). "This is an expansive definition with 'striking breadth'" (Williams v Epic Sec. Corp., 358 F Supp 3d 284, 304 [SD NY], quoting Hernandez v JRPAC Inc., 2016 WL 3248493, *21, 2016 US Dist LEXIS 75430, *69 [SD NY, No. 14 Civ. 4176 (PAE)]).
"Similarly, the [Labor Law] defines 'employer' as 'any person . . . employing any individual in any occupation, industry, trade, business or service,' or 'any individual . . . acting as employer'" (Wang v Leo Chuliya, Ltd, 2024 WL 324789, *4, 2024 US Dist LEXIS 15300, *10 [SD NY, No. 20-cv-10395 (JLR)], quoting Labor Law §§ 190[3]; 651[6]). Because the Labor Law "uses a nearly identical definition of the term employer" as the FLSA, this Court will "interpret[ ] the definition of employer under the [Labor Law] coextensively with the definition used by the FLSA" (Cho v Osaka Zen Spa, 2024 WL 3360619, *7, 2024 US Dist LEXIS 121369, *17 [internal quotation marks omitted]; see Señal v Lynch, 217 AD3d 466; Harris v Structuretech N.Y., Inc., 191 AD3d 470; Bonito v Avalon Partners, Inc., 106 AD3d 625; see also Costello v Curan & Ahlers, LLP, 224 AD3d 732; Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 663).
Courts apply the economic reality test to determine "whether an employer-employee relationship exists for purposes of the FLSA [and the Labor Law]" (Barfield v New York City Health & Hosps. Corp., 537 F3d 132, 141 [2d Cir]; see Goldberg v Whitaker House Cooperative, Inc., 366 US 28; Señal v Lynch, 217 AD3d 466; Harris v Structuretech N.Y., Inc., 191 AD3d 470; Bonito v Avalon Partners, Inc., 106 AD3d 625; Matter of Carver v State of New York, 87 AD3d 25, 30, affd 26 NY3d 906). Under the economic reality test, "the overarching concern is whether the alleged employer possessed the power to control the workers in question" (Herman v RSR Sec. Servs. Ltd., 172 F3d 132, 139 [2d Cir]). As such, in applying the economic reality test, which treats employment "as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" (Barfield v New York City Health & Hosps. Corp., 537 F3d at 141-142), courts first look to "whether an [alleged] employer exercised 'formal control' over a worker" (Fernandez v HR Parking Inc., 407 F Supp 3d 445, 451 [SD NY]). Under the formal control test, the relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records" (Carter v Dutchess Community Coll., 735 F2d 8, 12 [2d Cir] [internal quotation marks omitted]; see Lomeli v Falkirk Mgt. Corp., 179 AD3d at 663).
Courts may also inquire as to whether the status of a purported employer exercised "functional control over workers even in the absence of the formal control" (Barfield v New York City Health & Hosps. Corp., 537 F3d at 143 [internal quotation marks omitted]; see Zheng v Liberty Apparel Co. Inc., 355 F3d 61, 72-76 [2d Cir]). The functional control test "weighs six nonexclusive and overlapping factors to determine if a[n] employer had functional control over workers" (Fernandez v HR Parking Inc., 407 F Supp 3d at 451 [internal quotation marks omitted]). Under that test, "a court considers: (1) whether the premises and equipment of the alleged joint employers were used for the plaintiffs' work; (2) whether the direct employer had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which the plaintiffs performed a discrete job that was integral to the putative joint employers' process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the alleged joint employers or their agents supervised the plaintiffs' work; and (6) whether the plaintiffs worked exclusively or predominantly for the alleged joint employers" (Abuladze v Apple Computer Inc., 2024 WL 1073121, *13, 2024 US Dist LEXIS 21903, *30 [SD NY, No. 22 Civ. 8684 (GHW) (RFT)]; see Zheng v Liberty Apparel Co. Inc., 355 F3d at 72-76).
Here, the amended complaint, which contained no allegations that BK Spice hired or fired the plaintiff, supervised or controlled her work schedules or conditions of employment, or determined the rate and method of her payment, failed to sufficiently allege that BK Spice exercised formal control over the plaintiff. However, the amended complaint, which contained allegations that the plaintiff worked at BK Spice on at least three occasions in both her normal capacity as a food preparer and in a manner integral and typical to the restaurant business, sufficiently alleged that BK Spice exercised functional control over her (see Abuladze v Apple Computer Inc., 2024 WL 10373121, *14-17, 2024 US Dist LEXIS 21903, *35-43).
"[U]nder [the] FLSA [and the Labor Law], multiple corporate entities can be liable as the employer under a joint employer theory based on the theory that they operate as a single enterprise with significant interrelation of operations" (Huang v Shanghai City Corp., 459 F Supp 3d 580, 586 [SD NY] [internal quotation marks omitted]; see Quino v Heburechnaya I.S., Inc., 230 AD3d 601, 603; Lockwood v CBS Corp., 219 AD3d 1326, 1327). "Whether a group of entities qualifies as a single integrated enterprise turns on four factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control" (Benzinger v Lukoil Pan Ams., LLC, 447 F Supp 3d 99, 133 [SD NY] [internal quotation marks omitted]; see Brown v Daikin Am. Inc., 756 F3d 219, 226 [2d Cir]). Generally, "facts that go to the existence of a single, integrated enterprise include common decor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses"(Khereed v West 12th St. Rest. Group LLC, 2016 WL 590233, *4, 2016 US Dist LEXIS 16893, *13 [SD NY, No. 15-cv-1363 (PKC)]; see Flores v 201 W. 103 Corp., 256 F Supp 3d 433, 442 [SD NY]; Cui v East Palace One, Inc., 2019 WL 4573226, *11, 2019 US Dist LEXIS 161120, * [SD NY, No. 17 Civ. 6713 (PGG)]). However, of the four factors, "the most critical is the second: centralized control of labor" (Lockwood v CBS Corp., 219 AD3d at 1328 [internal quotation marks omitted]). "In determining whether there is a centralized control of labor, the critical question is what entity made the final decision regarding employment matters related to [the plaintiff]" (id. [internal quotation marks omitted]; see Echevarria v Insight Med., P.C., 72 F Supp 3d 442, 459 [SD NY]).
Here, the amended complaint alleged that BK Spice and Mask Pot "did business as Xiang Hot Pot"; "shared staff, including Managers and workers, who worked on demand depending on the needs of the two locations"; "pa[id] Plaintiff for the work performed at the enterprise no matter what location [she] worked"; "advertise[d] [themselves] as an enterprise . . . jointly"; and "[were] otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose and [were] co-owned by the same partners"; and that "[b]oth restaurants shared supplies and materials in the same warehouse, imported from the parent corporation of Xiang Hot Pot." Moreover, the amended complaint alleged that all the individual defendants were officers or shareholders of Mask Pot and BK Spice, that Yunfu Yang and Wei Zhao [*3]worked at various times as managers at both the Flushing and Brooklyn locations, and that several employees who worked at the Flushing location were transferred between the Flushing and Brooklyn locations. Additionally, the amended complaint alleged that Hui Fang acted as the "New York Alcoholic Beverage Control principal" for both Mask Pot and BK Spice. Affording the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently alleged that BK Spice and Mask Pot operated as a single enterprise for the purposes of the FLSA and the Labor Law.
The amended complaint also sufficiently alleged that Hui Fang and Wei Zhao were the plaintiff's employers for the purposes of the FLSA and the Labor Law. Business Corporation Law § 630(a) provides that "[t]he ten largest shareholders [of a corporation] . . . shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its . . . employees." Here, the amended complaint alleged that both Hui Fang and Wei Zhao fit this description. However, "corporate shareholders and officers generally may not be subjected to civil liability for corporate violations of the Labor Law absent allegations that such persons exercised control of the corporation's day-to-day operations by, for example, hiring and firing employees, supervising employee work schedules, and determining the method and rate of pay" (Lomeli v Falkirk Mgt. Corp., 179 AD3d at 663). Moreover, as noted above, to determine whether a plaintiff has adequately pleaded that an individual defendant is her or his employer for the purposes of the FLSA and the Labor Law, "courts commonly employ an economic reality test" (Lin v Dolar Shop Rest. Group, LLC, 2021 WL 681075, *7, 2021 US Dist LEXIS 33009, *22 [ED NY, No. 16-CV-02474 (RPK) (RML)] [internal quotation marks omitted]).
Concerning Hui Fang and Wei Zhao, the amended complaint alleged that they both "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records" at both Mask Pot and BK Spice. The amended complaint further alleged that Hui Fang was "known as Boss" to the plaintiff, that he hired "other kitchen workers . . . at the Flushing Location," and that he ratified decisions concerning the plaintiff's pay. Similarly, the amended complaint alleged that Wei Zhao was previously a manager at the Flushing location and was later "reassigned to work as big manager at [the] Brooklyn location," where the plaintiff worked on at least three occasions. Affording these allegations the benefit of every possible favorable inference, the amended complaint sufficiently alleged that both Hui Fang and Wei Zhao were the plaintiff's employers for the purposes of the FLSA and the Labor Law.
Accordingly, the Supreme Court properly denied that branch of the moving defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
The moving defendants' remaining contention is improperly raised for the first time on appeal.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court