17-3942-cv
Baker v. Saint-Gobain Performance Plastics Corp.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2018

(Argued:  April 17, 2019                    Decided:   May 18, 2020)

Docket No. 17-3942[*]

_____

MICHELE BAKER; CHARLES CARR; ANGELA CORBETT; PAMELA FORREST; MICHAEL HICKEY, individually and as parent and natural guardian of O.H., infant; KATHLEEN MAINLINGENER; KRISTIN MILLER, as parent and natural guardian of K.M., infant; JAMES MORIER; JENNIFER PLOUFFE; SILVIA POTTER, individually and as parent and natural guardian of K.P., infant; and DANIEL SCHUTTIG, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellees*,

- v. -

SAINT-GOBAIN PERFORMANCE PLASTICS CORP., HONEYWELL INTERNATIONAL INC., f/k/a ALLIED-SIGNAL INC.,

---

[*]     This appeal was consolidated for oral argument with the appeals in *Benoit v. Saint-Gobain Performance Plastics Corp.*, Nos. 17-3941, etc., and *R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, No. 18-2018, which are resolved today in separate decisions.

*Defendants-Appellants.*[**]

_____

Before:  KEARSE, POOLER, and CARNEY, *Circuit Judges.*

In this action, commenced as a class action by residents of the Village of Hoosick Falls, New York, defendants--the owner and a past owner of a manufacturing facility using a chemical, perfluorooctanoic acid ("PFOA"), and disposing of that chemical in a manner that contaminated the water supply in the Village--appeal pursuant to 28 U.S.C. § 1292(b) from so much of an order of the United States District Court for the Northern District of New York, Lawrence E. Kahn, *Judge*, as denied their motion under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' (1) claims of negligence and strict liability for (a) personal injury in the nature of accumulation of PFOA in the blood, thereby increasing risks of various types of illness, and (b) damage to property; (2) claims of trespass and nuisance for contamination of water in privately owned wells; and (3) requests for the costs of medical monitoring as consequential damages for (a) personal injury or (b) damage to property, *see Baker v. Saint-Gobain Performance Plastics Corp.*, 232 F.Supp.3d 233 (2017). For the reasons discussed in our opinion issued today in *Benoit v. Saint-Gobain*

---

[**]    The Clerk of Court is directed to amend the official caption to conform with the above.

*Performance Plastics Corp.*, Nos. 17-3941, etc., which was argued in tandem with the present appeal and involved the same issues, we reject defendants' contentions that the district court erred in denying their motion to dismiss plaintiffs' claims of personal injury and requests for medical monitoring as relief for such injuries, and in denying their motion to dismiss plaintiffs' claims of property damage. We conclude that the district court's ruling that medical monitoring is available relief for claims solely of property damage is not an order that meets the criteria for immediate review under 28 U.S.C. § 1292(b), and we thus dismiss, as improvidently allowed, so much of the appeal as seeks reversal of that part of the district court's order.

Affirmed in part; dismissed in part.

STEPHEN G. SCHWARZ, Rochester, New York (Faraci Lange, Rochester, New York; Robin L. Greenwald, James J. Bilsborrow, William A. Walsh, Weitz & Luxenberg, New York, New York, on the brief), *for Plaintiffs-Appellees*.

SHEILA L. BIRNBAUM, New York, New York (Mark S. Cheffo, Bert L. Wolff, Lincoln Davis Wilson, Quinn Emanuel Urquhart & Sullivan, New York, New York; Dechert, New York, New York, on briefs), *for Defendant-Appellant Saint-Gobain Performance Plastics Corp.*

ARNOLD & PORTER KAYE SCHOLER, Washington, D.C. (Michael D. Daneker, Elissa J. Preheim, Washington,

D.C.; Jennifer R. Kwapisz, Arnold & Porter Kaye Scholer, New York, New York, of counsel), *for Defendant-Appellant Honeywell International Inc.*

Natural Resources Defense Council, New York, New York (Vivian H.W. Wang, of counsel), *filed a brief as Amicus Curiae, in support of Plaintiffs-Appellees.*

Public Justice, Denver, Colorado (Neil Levine, of counsel), *filed a brief as Amicus Curiae, in support of Plaintiffs-Appellees.*

Reed Smith, New York, New York (Oliver Beiersdorf, of counsel), *filed a brief for Amici Curiae Product Liability Advisory Council, Inc. & National Association of Manufacturers, in support of Defendants-Appellants.*

Alston & Bird, Charlotte, North Carolina (David Venderbush, New York, New York; Brian D. Boone, Charlotte, North Carolina, of counsel), *filed a brief for Amici Curiae Chamber of Commerce of the United States of America, Pharmaceutical Research and Manufacturers of America, and The Business Council for New York State, Inc., in support of Defendants-Appellants.*

PER CURIAM:

The present action is a class action--in which there have as yet been no class certifications--whose putative classes include all individual owners or renters of real property within the Village of Hoosick Falls, New York (the "Village"), and anyone who consumed water from the Village and exhibits a heightened level of the toxic chemical perfluorooctanoic acid ("PFOA") in the blood, *see Baker v. Saint-Gobain*

4

*Performance Plastics Corp.*, 232 F.Supp.3d 233, 236 & n.1, 256 (N.D.N.Y. 2017) ("*Baker I*"). The complaint alleges that defendants Saint-Gobain Performance Plastics Corp. and Honeywell International Inc., f/k/a Allied-Signal Inc., respectively the owner and a past owner of a manufacturing facility in the Village, negligently used and disposed of PFOA in a manner that contaminated the Village's water supply. Defendants appeal pursuant to 28 U.S.C. § 1292(b) from so much of an order of the United States District Court for the Northern District of New York, Lawrence E. Kahn, *Judge*, as denied their motion under Fed. R. Civ. P. 12(b)(6) for dismissal of plaintiffs' (1) claims of negligence and strict liability (a) for personal injury in the nature of accumulation of PFOA in the blood, thereby increasing risks of various types of illness, and (b) for damage to property; (2) claims of trespass and nuisance for contamination of water in privately owned wells; and (3) requests for the costs of medical monitoring as consequential damage for (a) personal injury or (b) damage to property, *see Baker I*, 232 F.Supp.3d at 252-53, 256-57.

This appeal was argued in tandem with two others that are decided today, including *Benoit v. Saint-Gobain Performance Plastics Corp.*, Nos. 17-3941, etc., --- F.3d --- (2d Cir. 2020) ("*Benoit II*"). *Benoit II* was a consolidated appeal from orders in 16 actions before Judge Kahn, brought by residents of the Village who asserted the

same categories of claims as those asserted in the present action, *see, e.g., Benoit v. Saint-Gobain Performance Plastics Corp.*, 2017 WL 3316132, at *1 (N.D.N.Y. Aug. 2, 2017) ("*Benoit I*"). Defendants' motion to dismiss claims in the present action contained the same arguments that defendants made in moving to dismiss the complaints in *Benoit I*; the district court's decisions in this case and those cases were the same, *see, e.g., id*. at *6, *13; and defendants' arguments in the present appeal challenging the court's *Baker I* denial of their motion to dismiss are virtually identical to those they have made in their appeal challenging the parallel orders entered in *Benoit I*.

For the reasons discussed in *Benoit II*, we conclude that the district court in the present case properly denied defendants' motion to dismiss plaintiffs' claims for personal injury, property damage, trespass, and private nuisance, and for medical monitoring with respect to personal injuries; and that the court's ruling that costs of medical monitoring can be awarded on the basis solely of injury to property is not a ruling that meets the criteria for immediate review under 28 U.S.C. § 1292(b).

Accordingly, the appeal from so much of the order of the district court as ruled that medical monitoring is available relief for a claim of property damage is dismissed as improvidently granted under § 1292(b). In all other respects, the denial of defendants' Rule 12(b)(6) motion to dismiss is affirmed.