Concerned Citizens of Forest Hills Inc. v West Side Tennis Club (2024 NY Slip Op 51044(U))

[*1]

Concerned Citizens of Forest Hills Inc. v West Side Tennis Club

2024 NY Slip Op 51044(U)

Decided on August 13, 2024

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
Supreme Court, Queens County

Concerned Citizens of Forest Hills Inc., CHRISTOPHER JARAY, DOUGLAS GILBERT, and EMORY ANDERSON, Plaintiffs,

against
The West Side Tennis Club, Defendant.

Index No. 726173/2023

ATTORNEYS FOR PLAINTIFFS: 
Stephen OREL, ESQ
SCHWARTZ SLADKUS REICH GREENBERG & ATLAS LLP
Address: 444 Madison Avenue, New York, NY 10022 
Phone:212-743-7049 
sorel&commat;ssrga.com
Madison Nicole Kelley 
Firm Name: Schwartz Sladkus Reich Greenberg Atlas LLP 
Address:444 Madison Avenue 6th Floor, New York, NY 10022
Phone:2127437000 
E-mail: mkelley&commat;ssrga.com
ATTORNEYS FOR DEFENDANT:
Akiva Shapiro 
Firm Name: GIBSON, DUNN & CRUTCHER LLP 
Address:200 Park Ave, New York, NY 10166 
Phone:(212) 351-4000 
E-mail: MAO&commat;gibsondunn.com
Michael Langsdorf Nadler 
Firm Name: Gibson, Dunn & Crutcher 
Address: 200 Park Ave, New York, NY 10166
Phone:(212) 351-4000 
E-mail: mao&commat;gibsondunn.com + MNadler&commat;gibsondunn.com 

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19 - 26, 74 - 85, and 87 were read on Defendant's motion to DISMISS plaintiffs' claims in the Complaint pursuant to CPLR 3211(a) and 3211(g).
Upon the foregoing documents, it is Ordered that defendant's motion to dismiss is decided as follows:
According to the Complaint, plaintiffs' cause of action is one for nuisance against the West Side Tennis Club (the "WSTC"), a non-profit tennis club that hosts concerts at its Forest Hills Stadium (the "Stadium"). Plaintiffs allege that defendant has created or allowed noise that exceeds noise levels permitted under the New York City Noise Code, §24-231 and §24-218(a) (the "Noise Code"), and as a result interferes with plaintiffs' use and enjoyment of their homes. Plaintiffs seek, among other things, damages and to permanently enjoin defendant from violating the Noise Code by causing or permitting the transmission of noise from the Stadium. 
Defendant now moves to dismiss plaintiffs' Complaint on a multitude of grounds. In support thereof, defendant submits, among other things, affidavits from Forest Hills Stadium's manager, Jason Brandt ("Brandt"); non-party, co-founder and partner of Tiebreaker, Michael Luba ("Luba"); member and former president of the WSTC, Roland Meier ("Meier"); and current president and member of the WSTC, Randall Perkins ("Perkins"). Based upon the foregoing, defendant argues at the outset that plaintiffs' Complaint should be dismissed pursuant to CPLR 3211(a)(4), because it is duplicative of another case filed prior to this one, Forest Hills Garden Corp. v. West Side Tennis Club, Index 710195/2023 (the "FHGC Case"), and that action allegedly seeks the same relief that plaintiffs seek in the instant action. Additionally, defendant's counsel argues the identities of the parties are substantially the same because the WSTC is the sole defendant in both actions, and two of the individual plaintiffs named in this case, Douglas Gilbert ("Gilbert") and Emory Anderson ("Anderson"), are allegedly also members of Forest Hills Garden Corporation ("FHGC"), the plaintiff in the FHGC Case. Defendant therefore asserts that if the FHGC court were to grant the WSTC's pending motion to dismiss that claim, that determination would be preclusive in this action as to plaintiffs Gilbert and Anderson, both of whom, according to defendant, are FHGC members and in privity with FHGC.
Next, defendant argues that plaintiffs' Complaint should be dismissed pursuant to CPLR 3211(g), because the instant action constitutes a "Strategic Lawsuit Against Public Participation" ("SLAPP suit") which violates New York's anti-SLAPP law, Civ. Rights Law § 76-a (1)(a).
Defendant's third argument in support of its motion to dismiss is based on the theory that plaintiffs have no private right of action for non-compliance with the Noise Code. Defendant asserts that plaintiffs may not maintain their nuisance action because it is "entirely grounded in allegations concerning the Club's non-actionable violation of the New York City Noise Code." In support thereof, the WSTC relies on Schwartz v. 170 w. End Owners Corp., which stated in relevant part that "[t]here is no private right of action explicitly provided and fairly implied from the [noise] code violations" (2022 WL 2612439 (N.Y.Sup.), 5, 2022 NY Slip Op. 32166(U), 10).
Next defendant asserts that plaintiffs' sole cause of action for nuisance, fails as a matter of law, both under public and private nuisance theories. Among defendant's bases for dismissal [*2]is the argument that because plaintiffs' alleged that harm is felt throughout the Forest Hills community, rather than limited to one or a few persons, plaintiffs failed to adequately plead their private nuisance claim. Relying upon People v. Brooklyn & Queens Transit Corp., defendant argues that to prevail on a private nuisance claim, the harm must not affect "any considerable number of persons," but rather must be limited to a small number of people, and here the Complaint fails to do so (283 NY 484, 490 (1940)). 
Defendant also argues, among other things, that pursuant to CPLR 3211(a)(3), plaintiff CONCERNED CITIZENS OF FOREST HILS INC. ("Concerned Citizens"), lacks standing to bring the instant case. According to defendant, organizational standing can be established by either (1) asserting a claim (here, one for nuisance) on behalf of its members, or (2) "standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy" (Mental Hygiene Legal Serv. v. Daniels, 33 NY3d 44, 51 (2019)). Defendant, relying on Melrose Credit Union v. City of New York, argues that Concerned Citizens fails to establish standing under the first theory because the participation of Concerned Citizens' individual members is required for plaintiffs' nuisance claim to prevail (161 AD3d 742, 747 (2d Dep't 2018))(stating organizational standing may be established by asserting a claim on behalf of an organization's members provided that "neither the asserted claim nor the appropriate relief requires the participation of the individual members"). According to defendant, Concerned Citizens also lacks standing in its own right because the Complaint contains no allegations that Concerned Citizens was injured as an organization separate and apart from the harm suffered by its members. 
Plaintiffs oppose and submit in support thereof affidavits from Forest Hills residents Pamela Tieu ("Tieu"), Christopher Jaray ("Jaray"), Anderson, and Gilbert. Plaintiffs also submit an affidavit and three reports by Alan Fierstein ("Fierstein"), an acoustical engineer and founder of acoustical consulting services company, Acoustilog, Inc. ("Acoustilog"). In his reports, Fierstein detailed his data collection process and the many locations in Forest Hills where he took noise readings. Based on the foregoing evidentiary submissions and in opposition to the WTSC's arguments, plaintiffs argue that there is no other action between the parties to this action concerning the same claims as here pled. Contrary to defendant's claims, plaintiffs assert that the parties in the FHGC Case and the instant action are different because the plaintiffs are different; specifically, FHGC and Concerned Citizens are comprised of different members. Plaintiffs' attorney contends that Anderson and Jaray are Concerned Citizens members, but not FHGC members. Based on this difference, among others, plaintiff argues defendant's CPLR 3211(a)(4) argument must fail. 
Plaintiffs also argue that the instant action does not implicate New York's anti-SLAPP law, Civil Rights Law § 76-a (1)(a). They assert that their cause of action does not implicate subsection (1) of § 76-a (1)(a) because their case is not based on speech related to an issue of public interest. They further contend their action does not implicate subsection (2) because the conduct at issue here (volume in excess of the Noise Code) is not "lawful conduct" — a requirement to be considered a SLAPP suit (See Civil Rights Law § 76-a (1)(a)(2)) (stating "An 'action involving public petition and participation' is a claim based upon . . . (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest . . . ."). 
Additionally, contrary to defendant's assertions, plaintiffs argue they are not seeking a private right of action based upon Noise Code violations; rather, in the instant action, they seek [*3]to use defendant's Noise Code violations to support their private nuisance claim. Plaintiffs further clarify that (1) they are not asserting a public nuisance claim, and (2) they have properly pleaded a private nuisance claim. They argue they have made a prima facie showing of a private nuisance because each person has individually suffered a substantial, intentional interference in their homes caused by the noise coming from defendant's events. Plaintiffs argue the affidavits from Tieu, Anderson, Gilbert, and Jaray demonstrate that certain homeowners are personally affected by the noise, while other Forest Hills residents are not. To support this argument, plaintiffs rely on the affidavits of Meier and Luba (submitted by defendant), in which both state that they are unaffected by the noise. Therefore, plaintiffs argue that their case is based on the complaints of a smaller subset of the Forest Hills community and is not based on a harm affecting the entire Forest Hills community. 
However, in the alternative, plaintiffs argue that their nuisance claim could also fall under a type of public nuisance claim that reverts back to a private nuisance claim "when an individual or smaller group 'sustains a special loss' that is different in kind from the harm suffered by the rest of the community . . . . In this way, a private wrong may be distinguished from a common injury to the public, and a private right of action is restored" (Baker v. Saint-Gobain Performance Plastics Corp., 232 F. Supp. 3d 233 (N.D.NY 2017), aff'd in part, appeal dismissed in part, 959 F.3d 70 (2d Cir. 2020)). Based on the foregoing arguments, plaintiffs argue that defendant's motion to dismiss should be denied. 
As a preliminary matter, the Court shall address the issue of whether Concerned Citizens has standing. An organization can establish standing (1) "by asserting a claim on behalf of its members," or (2) "standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy" (Mental Hygiene Legal Serv. at 51). 
Here, Concerned Citizens is not seeking judicial relief from injury to itself, thus the issue is whether Concerned Citizens has standing to assert its nuisance claim on behalf of its members. To establish organizational standing, the following three-part test must be met: 
"(1) one or more of the members of the association or organization has standing to sue, (2) the interests sought to be protected are sufficiently germane to the plaintiffs' purpose to satisfy the Supreme Court that the plaintiffs are appropriate representatives of those interests, and (3) the participation of the individual members is not required to assert this claim or to afford the plaintiffs complete relief," (Wallace v County of Nassau, 302 AD2d 517, 518 [2d Dept 2003]); see also Socy. of Plastics Indus., Inc. v County of Suffolk, 77 NY2d 761, 775 [1991] ("it must be evident that neither the asserted claim nor the appropriate relief requires the participation of the individual members")). As shall be discussed below, Concerned Citizens is trying to assert a private nuisance claim under the theory that a "substantial" harm is felt by all its members that is not felt by the greater Forest Hills community. To show this distinction, the participation of individual members would be required. Furthermore, the relief sought includes damages, "both the fact and extent of injury would require individualized proof. Thus, to obtain relief in damages, each member . . . who claims injury as a result of respondents' practices must be a party to the suit, and . . . has no standing to claim damages on his behalf" (Warth at 515-16). As such, Concerned Citizens lacks standing. 
Regarding defendant's CPLR 3211(a)(4) claim, "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . there is [*4]another action pending between the same parties for the same cause of action in a court of any state or the United States" (CPLR 3211(a)(4)) (emphasis added). "A court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (Ashwood v Uber USA, LLC, 219 AD3d 1289 [2d Dept 2023]) (internal quotations omitted) (emphasis added). "While a complete identity of parties is not a necessity for dismissal under CPLR 3211 (a) (4), there must at least be a 'substantial' identity of parties, 'which generally is present when at least one plaintiff and one defendant is common in each action'" (id.) (internal citations omitted). "The critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (Scottsdale Ins. Co. v Indem. Ins. Corp. RRG, 110 AD3d 783, 784 [2d Dept 2013]) (internal citations omitted). 
At the outset, the Court notes that the WSTC failed to submit the Complaint from the FHGC Case. Therefore, defendants have failed to provide any evidence to support their argument that the identities of the parties are substantially the same, that, "the two actions are sufficiently similar, and the relief sought is substantially the same" (Ashwood at 1289). It is not for the Court to search the record to find support for defendant's argument. Notwithstanding the foregoing, in opposition, plaintiffs submit a copy of the complaint in the FHGC Case. Based thereupon the Court notes that even if defendants had supplied the complaint in the FHGC Case, there is insufficient evidence to indicate that the plaintiffs in the instant case are substantially the same as the plaintiff in the FHGC Case. On its face, the plaintiffs in this case, and the plaintiff in the FHGC bear different names. Additionally, the parties' attorneys disagree as to whether Anderson is a member of the FHGC. "An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]). As neither party has provided a comprehensive list of the identities of FHGC's "over 899 members" or Concerned Citizen's members, it is not for the Court to guess how many individuals, if any, are common to both corporations. Because defendant failed to provide evidence indicating the substantial identity of both parties is the same, the Court finds defendant's request for dismissal pursuant to CPLR 3211(a)(4) is unpersuasive and is denied. 
As to defendant's CPLR § 3211(g) argument that the instant case is precluded by New York's anti-SLAPP law, this Court disagrees. Under Civil Rights Law § 76-a (1)(a): 
"An 'action involving public petition and participation' is a claim based upon: (1) "any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." (Civil Rights Law § 76-a (1)(a)) (emphasis added). Here, plaintiffs' nuisance claim is based on the volume and bass levels emanating from the Stadium, not the content of the noise emitted. Therefore, plaintiffs' nuisance claim is not "based upon" a communication "in connection with an issue of public interest" (id.). Furthermore, this case focuses on noise levels allegedly above those permitted under the Noise Code, and thus "lawful" conduct is not at issue here. Accordingly, the Court finds that this case [*5]is not one prohibited by Civil Rights Law § 76-a (1)(a) and defendant's request to dismiss pursuant to CPLR § 3211(g) is denied. 
Additionally, this Court finds unpersuasive WSTC's argument that plaintiffs are bringing a private right of action for alleged non-compliance with the Noise Code. Plaintiffs are only seeking to use the Noise Code violations to support their nuisance claim (see Gross v 133 E. 80th St. Corp., 2023 NY Slip Op. 30375[U], 5 [NY Sup Ct, New York County 2023]) ("Defendants' assertion that the relief sought by plaintiff is inappropriate because there is no private right to enforce the Nuisance Code is unavailing because plaintiff is only seeking to use the Nuisance Code violations to support her common law nuisance claim."). 
However, notwithstanding the foregoing, this Court finds that contrary to plaintiffs' arguments, defendant is entitled to dismissal of the Complaint as asserted against it pursuant to CPLR 3211(a)(7). When a party moves for dismissal based on the failure to state a cause of action, the test is whether the pleading states a cause of action, not whether the plaintiff has a cause of action (Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]). A Court must determine whether, accepting the facts as alleged in the pleading as true and according to the plaintiff the benefit of every favorable inference, those facts fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83 [1994]). Therefore, "a motion to dismiss made pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (Clarke v Laidlaw Transit, Inc., 125 AD3d 920 [2d Dept. 2015]). 
Here, in accordance with defendant's arguments, the Court finds that plaintiff has failed to plead a cause of action for private nuisance. "A private nuisance threatens one person or a relatively few, an essential feature being an interference with the use or enjoyment of land" (Copart Indus., Inc. v Consol. Edison Co. of New York, Inc., 41 NY2d 564, 568 [1977] (internal citations omitted); see also McFarlane v City of Niagara Falls, 247 NY 340, 344 [1928] (stating a nuisance is "private, if it threatens one person or a few")). Plaintiffs' Complaint, as highlighted by defendant, repeatedly pleads that the alleged harm is felt throughout Forest Hills, rather than felt by "a few" individuals within the community. Plaintiffs plead that "Forest Hills residents . . . have been subjected to [high] sound levels;" "noise. . . travels from the Stadium into the homes of The WSTC's neighbors and throughout Forest Hills' public areas;" and noise makes "it extremely difficult for Forest Hills residents" to sleep and relax. Furthermore, the Complaint details Fierstein's investigation, which involved him measuring the Stadium's sound in "Gilbert's Home, Jaray's Home, Tieu's Home, and three other residents" as well as "around the Forest Hills neighborhood." Thus, the pleadings regarding Fierstein's reporting process also highlight that the harm the Complaint refers to is one felt not by a relative few, but rather by the entire Forest Hills community, including named plaintiffs. 
The Court also has examined the parties' evidentiary submissions. "CPLR 3211 allows [a] plaintiff to submit affidavits" (Sokol at 1181) (internal quotations omitted). Such "affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v Orofino Realty Co., Inc., 40 NY2d 633, 635 [1976]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one" (Clarke at 920)(internal quotation omitted). 
Here, plaintiffs' evidentiary submissions fail to remedy their pleadings. Rather, plaintiffs' affidavits, Fierstein's affidavit, and his Acoustilog reports have established that plaintiffs do not have a private nuisance cause of action. Plaintiffs' argument that their evidentiary submissions [*6]show each named plaintiff has individually suffered a substantial, intentional interference in their home is unpersuasive, because they have failed to indicate that the harm is isolated to only them. Plaintiff Anderson, stated in his affidavit, "I have witnessed and experienced first-hand the significant hardship that the Stadium concerts place on my family, neighbors, and the Forest Hills community. . . . The Stadium concerts have a profoundly negative impact on the quality of life in Forest Hills and the surrounding community." Plaintiff Gilbert stated "[s]ometimes, the weekend Stadium concerts . . . caus[e] all-day disturbances to the Forest Hills community." Jaray stated that the concerts place "significant hardship . . . on [his] neighbors and the Forest Hills community." Fierstein's affidavit and Acoustilog reports do not provide plaintiff with a private cause of action either. Fierstein's investigation into the "noise disturbances emanating from the Stadium into the Forest Hills neighborhood and into the Forest Hills' residents' homes" revealed that indeed the harm is felt throughout the community, and according to his report dated August 14, 2023, "[a]t least 2500 private homes are affected." Fierstein stated in his report that in reaching his conclusions, he took noise measurements from "many locations" some "as far as 2800 feet from the stage." Based on his findings, Fierstein concluded that the Stadium's "music was so loud, even thousands of feet from the stadium, that thousands of homes were adversely affected." Based upon the foregoing, this Court finds that plaintiffs have failed to establish that they have a private nuisance cause of action (see 532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., Inc., 96 NY2d 280, 287 [2001] (upholding dismissal of private nuisance claim "because plaintiff could not show that the harm threatened only one person or relatively few")). 
Lastly, this Court finds that plaintiffs' alternative argument that they have a public nuisance claim under a narrow exception allowing private individuals to bring a public nuisance claim also fails. "A public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large" (532 Madison Ave. Gourmet Foods, Inc., at 292-94; see also Francis v Schoellkopf, 53 NY 152, 154 [1873]). Where "loss was 'common to an entire community and the plaintiff[s] suffer[ed] it only in a greater degree than others, it is not a different kind of harm and the plaintiff[s] cannot recover for the invasion of the public right" (id., citing Restatement [Second] Torts § 821C, comment h; see also Wheeler v Lebanon Val. Auto Racing Corp., 303 AD2d 791, 793 [3d Dept 2003], (stating "the requisite 'special' or 'peculiar' injury suffered by private persons must be different in kind, and not just degree, from that sustained by the community surrounding the source of the public nuisance )). Here, plaintiffs have failed to indicate that their harm is in any way different from the harm experienced by the greater Forest Hills Community (cf. Leo v Gen. Elec. Co., 145 AD2d 291, 294 [2d Dept 1989] (finding "the harm alleged is peculiar to the individual plaintiffs in their capacity as commercial fishermen and goes beyond the [water pollution] harm done them as members of the community at large"). Accordingly, defendant's motion to dismiss plaintiffs' Complaint is granted. 
For the reasons stated above, the branches of defendant's motion to dismiss pursuant to 3211(a)(4) and 3211(g) are denied, and the branches of defendant's motion to dismiss pursuant to 3211(a)(7) and 3211(a)(3) are granted. Accordingly, the Complaint is dismissed against defendant.
DATED: August 13, 2024
ROBERT I. CALORAS, J.S.C.